Murray v. Land.

HENRY F. MURRAY v. JOHN LAND AND WIFE.

In a judgment enforcing the vendor's lien, the land should be so fully described as to render it certain that the sheriff can execute the decree of the court.

The petition to enforce the vendor's lien should identify the land; the evidence should show it subject to the lien, and the decree should describe it so as to furnish the officer a safe guide in executing the judgment.

ERROR from Red River. Tried below before the Hon. Wm. S. Todd.

This is a suit by John Land and Matilda A. Land against H. F. Murray, on a promissory note, and to enforce the vendor's lien on certain land. The only description of the land in the pleadings, and in the judgment of the court, is that contained in the note sued on, which is as follows:

. " Twelve months after date I promise to pay John Land and Matilda Land eight hundred and forty dollars, payment in part of a tract of three hundred and sixty acres of land bought of them, lying west of Ward's on Cut-hand creek, and in the east end of Blossom prairie, value rec'd, this 7th February, 1859.

"H. F. MURRAY."

Judgment *nil dicit*.

*Murray*, for plaintiff in error.

*M. L. Sims*, for defendant in error.—Where the vendor sues for the purchase money for which he retains the vendor's lien, he is entitled to an order for the sale of the property to satisfy the judgment. (Bridge v. Young, 9 Texas, 401.) The object of this suit is the enforcement of the lien retained in the note. The note describes the land. If the land can not be identified, it is the misfortune of defendant in error; plaintiff in error can not complain. If the wrong land be sold, it will be matter for subsequent litigation. The judgment gives the number of acres, the tract of land adjoining it, and the side on which it joins; the prairie, and

the particular part of the prairie in which it is situated; the creek it is on, and states it is the land conveyed by John Land and wife to H. F. Murray. This description is sufficient to enable the sheriff to identify. It is a principle of law, applicable in this case, that that is certain which may be rendered certain.

BELL, J.—There is no sufficient description of the land which the decree of the court orders to be sold. The land ought to have been so described in the judgment, as to make it certain that the sheriff could execute the decree of the court. It is not enough to say that if the sheriff makes a mistake and sells the wrong land, the plaintiff in error will not be injured by it. Some other person may be injured. Judicial proceedings should be conducted in such manner as to secure the rights of parties, without any reliance upon "the chapter of accidents." The land which the plaintiffs below sought to subject to their lien, should have been identified and clearly shown by the evidence to be subject to the lien; and the decree of the court should have described the land so as to furnish a safe guide to the officer in executing the decree. The judgment is reversed and the cause remanded.

Reversed and remanded.