## J. R. FARRAR v. EDWIN BATES & CO.

(Case No. 4299.)

1. BILLS OF EXCEPTION.— To constitute a bill of exception a part of the record, so as to entitle it to be considered on appeal or error, the rule of the statute and of the supreme court requiring it to be filed during the term at which the cause was tried, must be complied with.

2. ASSIGNMENT OF ERRORS.— See again, opinion for assignment of errors too vague and general to entitle them to consideration.

3. VERDICT.— See opinion for verdict against a garnishee which, though uncertain in its terms, when considered with reference to the judgment rendered thereon, could not prejudice the garnishee, and which therefore did not authorize a reversal.

4. GARNISHMENT — ATTACHMENT.— The fact that a garnishee holds goods openly under a claim of title will not prevent the question of the good faith of his title and possession from being controverted in a contest over his answer as garnishee. The creditor in such a case is not compelled to resort to attachment.

VOL. LV — 13

5. PRACTICE — GARNISHEE.— When the proceedings, including a judgment, are conducted as part of the suit against the original defendant, against whom judgment had already been rendered, the fact that the judgment was against the original defendant need not be proved. The court will take judicial notice of that fact.

ERROR from Ellis. Tried below before the Hon. George N. Alridge.

On February 1, 1879, defendants in error, Edwin Bates & Co., instituted suit No. 1512 in the district court of Ellis county, against J. M. Dixon & Co., on a certain promissory note for $1,083.95, executed and delivered by Dixon & Co. to Bates & Co., of date August 15, 1878, due January 1, 1879, and in which suit Bates & Co. subsequently obtained judgment against Dixon & Co. for $1,116.46, principal and interest.

March 25, 1879, Bates & Co. sued out a writ of garnishment under the terms of the statute, fully describing the above suit and note sued on, against J. R. Farrar as garnishee, the plaintiff in error in this cause. This writ was served on Farrar, March 28, 1879, and he subsequently answered under the terms of the statute, denying any indebtedness to Dixon & Co., as a firm or as individuals, or that he had any effects of theirs in his hands, or that he knew of any person being so indebted or having such effects.

This answer was by Bates & Co. contested and issues presented by both parties under the direction of the court, upon which the case as between them was tried. This answer, contest and issues were filed and the trial had in the case as originally styled, numbered and docketed, "Edwin Bates & Co. v. J. M. Dixon & Co.," with the addition, after the latter name, that of J. R. Farrar, garnishee.

The issues presented by Bates & Co., contesting the answer of Farrar, the garnishee, were substantially that Farrar, at the time of the service of the writ of garnish-

ment upon him, was indebted to Dixon & Co. in the sum of, to wit, $3,000, and that he had in his hands a stock of goods, etc., subject to their debt against Dixon & Co., of the value of, to wit, $8,000; that the pretended transfer of the goods was fraudulent and made to hinder and delay Bates & Co. in the collection of their debt, stating specific charges of fraud; among others, that it was made subject to an alleged prior fraudulent mortgage given by Dixon & Co. to H. B. Claflin & Co., and assumed by Farrar, under which mortgage Dixon & Co. had retained possession of the goods, selling and using them as their own; also, that in the agreement with Farrar, a fraudulent reservation had been made for the benefit of Dixon & Co.; and further, that since the service of the writ upon him Farrar had converted the goods into money.

Farrar, the garnishee, denied that the goods were fraudulently conveyed to him, but alleged that he bought them in good faith, paying for them in part by a prior indebtedness of Dixon & Co. to him of $3,500, by assuming the payment of the indebtedness of Claflin & Co. for $842, and of W. C. Browning, another creditor of Dixon & Có., for $500, and by the payment in cash of $150, making $5,000; and alleged that he did not then know of the indebtedness of Dixon & Co. to Bates & Co.

There was testimony tending to prove fraud in the conveyance from Dixon & Co. to Farrar, and other testimony tending to prove that it was made in good faith and for a valuable consideration. Upon the final trial the jury returned a verdict in favor of Bates & Co. against Farrar for $1,083.95, the principal sum of the note declared on in the original suit, upon which verdict judgment was rendered for Bates & Co. against Farrar. This judgment recited the former judgment in favor of Bates & Co. against Dixon & Co. Dixon & Co. do not complain.

Farrar prosecuted a writ of error.

*Ferris & Rainey,* for plaintiff in error.

*S. C. McCormick,* for defendant in error.

Bonner, Associate Justice.— This contest grows out of a suit, originally instituted in the district court of Ellis county, by Edwin Bates & Co., defendants in error, against J. M. Dixon & Co., the original defendants, but who are not before this court.   J. R. Farrar, the present plaintiff in error, was garnisheed in that suit at the instance of Bates & Co., and sues out this writ of error to reverse the judgment therein rendered against him as such garnishee.

Several of the assigned errors are not relied on in the brief of counsel for Farrar, the plaintiff in error, and those which are assigned will not be presented in their consecutive order.

The first and second assigned errors relate to the objection to the introduction in evidence, as against Farrar, of the alleged fraudulent deed of trust made by Dixon & Co. to H. B. Claflin & Co. and of the promissory note from Dixon & Co. to Edwin Bates & Co.

These objections purport to have been reserved by bills of exception Nos. 1 and 2.

Bates & Co., defendants in error, object to the consideration of these bills of exception because they were not filed during the term of the court at which the trial was had, but on March 9, 1880, the court having adjourned on February 28, preceding.

These objections must be sustained under the following provisions of the Revised Statutes:

"Art. 1363. It shall be the duty of the party taking any bill of exceptions to reduce the same to writing, and present the same to the judge for his allowance and signature during the term, and within ten days after the conclusion of the trial."

"Art. 1364. It shall be the duty of the judge to sub-

mit such bill of exceptions to the adverse party or his counsel, if in attendance on the court, and if the same is found to be correct, it shall be signed by the judge without delay and filed with the clerk during the term."

"Art. 1445. No paper shall be considered as filed in the proceedings of any cause, unless the clerk shall have indorsed thereon the day on which it was filed, and have signed his name officially thereto." Swift *v.* Trotti, 52 Tex., 502.

Rule 60 of this court for the government of the district courts also requires bills of exception to the admission of testimony to be filed during the term of the court at which taken.

Bills of exception are intended to make that a part of the record which otherwise would not be, and to accomplish this object, the material requisites of the statute and of the prescribed rules of practice should be complied with. Whether, by consent or otherwise, there may be an exception to the above general rule, is not now before us. The seventh, ninth, tenth, eleventh and twelfth assigned errors are as follows:

"7. The verdict of the jury is not supported by the evidence.

"9. The verdict of the jury is contrary to the law of the case as charged by the court and is contrary to the law and the evidence.

"10. The verdict of the jury is excessive, unjust and oppressive.

"11. The evidence was totally insufficient to make garnishee liable to plaintiffs for any sum whatever.

"12. The verdict of the jury is not responsive to the evidence, and is too uncertain to base the judgment upon."

These, with the exception perhaps of the twelfth, are subject to the objection raised by the defendant in error, that they are too vague and general, under repeated decis-

ions of this court, to demand, as a matter of right, that we consider them.

Upon an examination of the evidence, however, we do not find such error apparent upon the record as would authorize us to reverse the judgment upon any of the grounds contained in these assigned errors. There was evidence tending to support the verdict, and not such preponderance against it as would demand of this court that it be set aside. Had the court below rendered judgment for any interest which may have accrued prior to the return of the verdict, upon the principal sum found thereby, we would be of opinion that the latter clause of the twelfth assigned error — that the verdict was too uncertain — would have been well taken.

The verdict was as follows: "We, the jury, find for the plaintiff for the sum of $1,083.95, with interest and costs."

This verdict was returned February 20, 1880, and was for the amount of the principal sum of the note given by Dixon & Co. to Bates & Co., and upon which interest had then run from January 1, 1879. This note had been reduced into judgment for the principal and accrued interest to date of the judgment in favor of Bates & Co. against Dixon & Co. It is very probable that the jury intended to find against Farrar both the full amount of the principal and interest, but the court disregarded so much of the verdict as related to the interest, and entered judgment for that which was certain only, $1,083.95, the principal sum as found, and hence any uncertainty in the verdict did not prejudice Farrar.

The fifth assigned error is, that "the court erred in refusing to give the fourth special charge asked by the garnishee."

This charge was as follows: "If the jury find from the evidence that J. R. Farrar, the garnishee, held the goods by virtue of a fraudulent transfer, and that he had such

goods in his possession on the 28th day of March, 1879, and that such goods were held in Ellis county openly, and were then subject to a writ of attachment, then they will find for the garnishee; if, on the other hand, the jury find that such goods were kept concealed and could not then have been attached by the plaintiff, then they will find for plaintiff."

We are of opinion that the mere fact that Farrar may have openly claimed the title and possession of the goods would not, under our our blended system of law and equity, have prevented the question of the good faith of his title and possession being put in issue, in a contest over his answer as garnishee; or that this fact would have necessarily required this issue to have been raised by a proceeding in attachment.

The present contest was in effect — all the necessary parties being before the court — a suit by Bates & Co. as prior creditors to set aside as to them, because fraudulent and void, the conveyance from Dixon & Co. to Farrar. Such suit under our system could have been instituted by Bates & Co. in the first instance, or they could have levied upon the goods, if still found in the possession of Farrar, and then have instituted proceedings to have the conveyance set aside. Lynn v. Le Gierse, 48 Tex., 138.

The question was, not whether as between Dixon & Co. and Farrar the legal title to the goods had passed, but whether it had passed under such circumstances as should exempt them from liability for the debt of Bates & Co.

If, as shown by Farrar himself, the goods were being converted into money from day to day, and were soon all thus converted by a sale by him in bulk, this money, if subject to the debt of Bates & Co., could not, under ordinary circumstances, have been reached otherwise than by garnishment.

The eighth assigned error is, that "the plaintiffs did not prove that they had any judgment against Dixon & Co., or that said Dixon & Co. were indebted to them in any amount whatever."

The record shows that the proceedings and judgment against Farrar, the garnishee, were conducted as part of the original suit of Bates & Co. v. Dixon & Co., under the same number, 1512, and the same style, with the addition to the name of the original defendant, that of "J. R. Farrar, garnishee."

Farrar as such garnishee was summoned to answer in the original suit during its pendency and before judgment against Dixon & Co. by process which recited the pendency of the original suit, the parties thereto, style and number, and the description of the note upon which judgment was sought and subsequently obtained against Dixon & Co. The ultimate liability of Farrar depended upon the recovery by Bates & Co. of this judgment against Dixon & Co.; and although it would have been more formal to have introduced that judgment in evidence, yet, under the circumstances, we do not think that the court below erred in taking judicial notice of its own judgment in favor of Bates & Co. against Dixon & Co., which was virtually a portion of the same record and proceedings to which Farrar as garnishee was a party.

There being no error apparent of record in the judgment below, the same is affirmed.

AFFIRMED.

[Opinion delivered May 6, 1881.]