|  58 |  675 |
|  81 |  142 |
|  58 |  675 |
|  83 |  472 |
|  84 |  146 |
|  58 |  675 |
|  92 |  53 |

## MRS. A. BOURCIER v. L. E. EDMONDSON.

(Case No. 1565.)

1. LANDLORD'S LIEN.— The landlord's lien provided by statute, which continues so long as the tenant shall occupy the premises and for a month thereafter, is not lost by the failure of the landlord to sue out a distress warrant for rent, nor acquired by his resort to that remedy; but the lien may be preserved by suit to foreclose, which will prevent its loss by expiration of the time limited in the statute for its continuance.

2. SAME.— The statute does not compel the landlord to take the tenant's property by distress warrant in order to secure his debt by enforcing his lien; it permits him to do so when, for his own security, he desires to seize the property to which the lien attaches, and hold it until he can procure a judgment and order for its sale.

3. LANDLORD'S LIEN — PLEADING.— In proceedings to enforce the landlord's lien on personal property on the rented premises which were described, the property was referred to in the petition as "a large quantity of household furniture and other personal property placed by Mrs. Bourcier (the defendant) on said property, to wit, the rented premises, and owned by her, and now contained in said premises." It

further alleged the inability of the plaintiff to describe the property with greater certainty. *Held*,

(1) The landlord not having such access to the premises as would enable him to inventory the articles which he may desire to subject to the payment of his debt, its description must of necessity be general and vague.

(2) When no seizure of the property under summary process is sought, and it is left with the owner until the lien is foreclosed, its general description, with the exact locality of the house containing it, the person in possession, and the party to whom it belongs, is sufficient.

(3) The description given was, under the circumstances, sufficient.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

On the 28th day of January, 1882, L. E. Edmondson, plaintiff below, brought suit against Mrs. A. Bourcier and James L. De Forrest in the district court for Galveston county, for the recovery of a balance due for rent, and alleged in his petition "That plaintiff and defendant Mrs. A. Bourcier entered into an agreement whereby defendant Bourcier was to rent and did rent from plaintiff lots numbers 12 and 13, in block No. 504, and the improvements thereon, in the city of Galveston, from month to month;" that the rent due for said premises was the sum of $2,595; that at the time of filing the petition the defendant was using and occupying the same; that the improvements on said property consisted principally of a large and commodious three-story frame building, which was used by defendant Bourcier as a boarding house, and that it was rented by her from plaintiff and fitted up by her for that purpose; that there was a large quantity of household furniture and other personal property placed by Mrs. Bourcier on the premises and owned by her, "and now contained in said premises;" and that as such debt was due for rent of said premises, he claimed that he had a lien on all such furniture, and that he was unable at that time to more particulary describe it than as above. He further alleged that he was informed that J. L. De Forrest, a son-in-law of defendant, claimed the furniture, and made him a party to the suit. Prayer was made by plaintiff for judgment for his debt, foreclosure of his lien, costs, and general and equitable relief.

*Davis & Sayles*, for appellant.

I. When a tenant ceases to occupy the premises, a landlord's lien cannot be foreclosed on property of tenant after thirty days from the removal of the property from the rented premises, no distress warrant having been sued out. On the 4th day of February, 1882, the defendant A. Bourcier left the rented premises and removed

her property from the same. Landlord and Tenant Act, Revised Statutes; Ewing *v.* Perry, 35 Tex., 778.

II. The description of the property is not sufficient to authorize a foreclosure. Messner *v.* Lewis, 20 Tex., 225; Meuley *v.* Zeigler, 23 Tex., 91; Tinsley *v.* Boyken, 46 Tex., 597; Wooters *v.* Arledge, 54 Tex., 395.

*Hanscom,* for appellee.

I. When a tenant ceases to occupy the premises, a landlord does not lose his lien on the property of the tenant after one month from the removal of the property from the rented premises, where such landlord pursues his remedy by filing suit for a foreclosure of the lien before the removal of such property. R. S., art. 3122*a*, p. 452.

. . . IV. The statute giving landlords a lien on the property of the tenant for rent due and to become due, and the provisions of such statute, shall be liberally construed with a view to effect their objects and to promote justice. The suit was instituted by appellee, plaintiff below, for rent due him by defendant and for the foreclosure of his lien, under the landlord and tenant act, on the property of the tenant without suing out a distress warrant. Final title of the Revised Statutes, sec. 3, p. 718.

V. The description of the property was fully sufficient to authorize a foreclosure of the lien.

VI. Where a landlord brings suit for rent due by his tenant, and prays foreclosure of his statutory lien upon the property of such tenant, the latter cannot defeat such lien by removing the property subject thereto from the rented premises before the suit can be tried; otherwise it would be permitting such tenant to take advantage of his own wrong.

WILLIE, CHIEF JUSTICE.— Edmondson sued Mrs. Bourcier to recover $2,595, the amount alleged to be due for rent of a house and lot belonging to Edmondson, and occupied by her as his tenant. Prayer was made for the foreclosure of a landlord's lien upon certain property of appellant then on the premises, which was described in the petition as "a large quantity of household furniture and other personal property placed by Mrs. Bourcier on said property, to wit, the rented premises, and owned by her, and now contained in said premises." The petition further alleged that plaintiff was unable to describe it more particularly.

Appellant pleaded a general demurrer, general denial and the statute of limitations. At the trial, she objected to proof of the

lien because the allegations were so vague in description of the property as not to admit of the proof. The court overruled the objection, and plaintiff proved that defendant had a quantity of household and kitchen furniture, specifying some of it, such as is ordinarily found in a boarding house; that this furniture, since the 4th of February, 1882, had been in the possession of H. G. Dickinson, on Church and 15th streets, in the city of Galveston; and that it was the same contained in plaintiff's house at the time of the institution of the suit; that it had been removed by the defendant since the suit was commenced, and that there was no other furniture in the house occupied by Dickinson except a few ornaments bought by him.

The plea of limitation prevailed as to all the amount sued for except $368, for which judgment was rendered, and a lien to secure it was adjudged against the furniture of defendant, stored in the Darragh cottage house, under charge of H. G. Dickinson, on Church street between 15th and 16th streets, in the city of Galveston; the lien was decreed to be foreclosed, and the property ordered to be sold to satisfy the judgment. From this judgment Mrs. Bourcier has appealed to this court, assigning two grounds upon which she asks a reversal of the judgment.

Her first ground is in substance that, no distress warrant having been sued out, the lien could not be foreclosed after the expiration of thirty days from the date of removing the property from the rented premises. Her second ground is that the description of the property is not sufficient to authorize a foreclosure.

A lien upon property of a tenant situated on the rented premises is given to the landlord by art. 3122a of the Revised Statutes, and it is provided in this section that the lien shall continue so long as the tenant shall occupy the rented premises and for one month thereafter. Had the statute stopped there, and made no provision for a summary method of enforcing the landlord's rights, he could, under the general principles of law, have used the remedies appropriate for the enforcement of liens upon personal property known to our system of jurisprudence. Is he restricted in his use of remedies by the fact that a stringent and summary proceeding is afforded him by the next section of the statute? The law itself does not confine him to the use of a distress warrant; it merely allows him to resort to it in case he is willing to subject himself to the burden of making the affidavit, and giving the bond prescribed by it. These are to be used in case he wishes to seize the tenant's property and hold it till he can obtain a judgment and order for its sale.

The law does not compel him to take the property out of the possession of the tenant, whether he will or not, but permits him to do so in case he prefers to subject himself to certain burdens rather than allow the tenant a chance of placing the property beyond the reach of the law. If he is willing to take the chances of finding the property forthcoming to answer his judgment, there is no reason why he should not be allowed to enforce his lien upon it in a manner less oppressive to himself and the tenant than a distress warrant would be.

It was held by this court in Rosenberg v. Shaper, 51 Tex., 134, that the law gave the lien, and it was not necessary to secure it that the property should be seized under a distress warrant. If this be so, then it follows that the lien is neither acquired by suing out the warrant, nor lost by a failure to do so. It further follows, from what we have already stated, that if a proceeding under the statute commenced in time will save the lien, any other remedy to which the landlord is entitled, if pursued in time, will have the same effect. The suit once commenced to foreclose the lien, will prevent any loss of it by the expiration of the time limited for its continuance.

The landlord has by the statute a preference lien. It frequently happens that the property upon which it is fastened is incumbered by other liens, such as mortgages, deeds of trust, etc. Is the landlord, in order to enforce his preferred rights as against a mortgagee, to be compelled to first resort to a distress warrant before he can bring such mortgagee into court to adjust the equities between them? In case the mortgagee has himself first commenced the suit, is the landlord to be debarred of his right to intervene and assert his preference claim, because at such a stage of the proceedings he could not proceed by distress? And would it not be a singular doctrine that, if the litigation could be kept up until after the expiration of thirty days from the removal of the property from the premises, the landlord's rights would be compelled to yield to the deferred lien, no matter how superior it otherwise might have been?

We conclude that the court below did not err in establishing the lien as against the first objection urged by appellant.

As to the second, the description of the property is rather vague, both in the petition and the judgment. But in such cases it must necessarily be so. The landlord has not such access to the premises as would enable him to make an inventory of the household and kitchen furniture of the tenant. In Messner v. Lewis, 20 Tex., 222, which was the case of an attachment lien upon "a stock of goods

and merchandise," of which no other or better description was given in the sheriff's return, this court held the return insufficient because it was in the power of the officer executing the writ to enter a store of a third person where the goods of the defendant are, and remain long enough to seize, secure and inventory the goods. Unless such inventory can be made, the best description of it is the general statement which will comprehend all the household and kitchen furniture on the place.

This is more especially the case where no seizure of the property under summary process is sought. Whilst it might be necessary to point out with some degree of certainty to the officer the property which he is to take possession of under such stringent writ, no special necessity for this could exist where it is left with the owner until the lien on it is foreclosed. Proof to identify it could be made on the trial, and a judgment rendered that would enable the sheriff to seize it under execution. The judgment in this case did sufficiently identify the household and kitchen furniture by describing its exact locality, the house in which it was contained, the person in possession of it, and also the party to whom it belonged. The description of property in a judgment is such as to make it certain that the sheriff could execute the decree of the court (Murray v. Land, 27 Tex., 89), and the description of the property in this instance fulfils that requirement. The officer could not have failed to find the property with such directions, and we see no reason why the judgment should be reversed for not making the description more definite under the circumstances.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered February 13, 1883.]