### HAWKINS KELLY v. MRS. S. E. GIBBS.

### No. 3187.

1. **Issues in Garnishment Proceedings.**—After the filing of an answer by the garnishee, sufficient to prevent a judgment by default, and an affidavit controverting this answer, the statute (Rev. Stats., art. 213) provides, that "an issue shall be formed under the direction of the court and tried as other cases." In such case it is not necessary that the allegations setting out the issue should be under oath. Such issue by consent may be submitted orally.

2. **Costs in Garnishment Proceedings.**—Where a garnishee files an answer denying all indebtedness, and such answer is controverted and issue is formed, the garnishee assumes the character of a litigant, and if unsuccessful he is liable to a judgment for costs.

ON REHEARING.

**3. Subrogation to Lien Holder's Rights.**—A garnishee was condemned to pay an indebtedness of $80, secured on his crops. The judgment declared that the plaintiff be subrogated to all the liens the defendant had against the garnishee for the debt. It being objected that no sufficient description was made of *the crops* subjected, it is *held*, that as no decree of foreclosure against said crops was ordered a description was not necessary to support the order made.

**4. Garnishment Proceedings Auxiliary.**—As garnishment proceedings are auxiliary to other proceedings, the court will take notice of the proceedings in the main suit. If such proceedings are in aid of a judgment rendered the court will notice it without its introduction in evidence. A garnishee attacking the judgment must show its invalidity or it will be held valid.

APPEAL from Walker. Tried below before Hon. N. G. KITTRELL. No statement is necessary.

*McKinney & Hill,* for appellant.—1. No evidence was offered on the trial of the cause respecting the alleged judgment of Sanford Gibbs against Ward, Dewey & Co., mentioned in appellee's affidavit for garnishment, and the court could not take judicial knowledge of it. Drake on Attach., secs. 460, 697, and note; Johnson v. McCutchings, 43 Texas, 553; 2 Ct. App. C. C., sec. 93.

2. The judgment of the court is erroneous, in that by its terms the plaintiff is subrogated to all the rights, remedies, and liens held, owned, or controlled by A. J. Ward, the defendant in execution, against the mule described in plaintiff's affidavit, and the crops of corn and cotton raised by said garnishee as alleged for the purpose of enforcing the collection of the amount adjudged against said garnishee, there being no sufficient pleading or proof to warrant such a judgment, and because there is no description in said judgment as to the amount or value of said crops. Spiva v. Williams, 20 Texas, 442.

3. The court erred in taxing the costs of the garnishment against the garnishee Kelly. Rev. Stats., art. 219; White v. Casey, 25 Texas, 552.

*Campbell & Ball,* for appellee.—1. Appellant did not file a general denial to plaintiff's affidavit for writ of garnishment; nor did garnishee file any plea in this cause setting up the want of such judgment, as stated in plaintiff's affidavit; and did not orally or otherwise raise said issue.

2. A judgment foreclosing a lien upon property is not required to set out the value of each article upon which a lien is foreclosed, the property only being worth in such a case what it will bring under execution or order of sale. This judgment is amply sufficient, it being only, as to the part complained of, in effect to place Mrs. S. E. Gibbs in the place and stead of A. J. Ward, defendant in execution, giving to her the rights and remedies owned and held by A. J. Ward as landlord, and was for the protection of both; and the judgment giving her

the benefit of such lien upon the mule and crops of corn and cotton is the only judgment that could have been properly rendered under the law and facts, and did sufficiently describe the property. The statute governing the rights of landlords and tenants would control in the enforcement of said judgment. The judgment was certain, in that it was for a sum certain, to-wit, $80, and execution could only issue for said amount. Rev. Stats., art. 3107; Jordan v. Brophy, 41 Texas, 283; Baldridge v. Scott, 48 Texas, 178.

3. The answer of garnishee Kelly necessitated affidavit of plaintiff controverting same. The costs of the proceedings were therefore properly taxed against Kelly, garnishee, he having necessitated by his answer the major part of the whole costs. Rev. Stats. art. 219; Railway v. Hoskins, 2 Ct. App. C. C., sec. 67.

TARLTON, JUDGE, *Section B.*—This is a proceeding in garnishment, instituted August 31, 1891, by Mrs. S. E. Gibbs, executrix of the estate of Sanford Gibbs, deceased, against Hawkins Kelly, as a debtor of A. J. Ward. The affidavit in garnishment, alleging the grounds therefor provided, is founded upon a judgment charged to have been recovered by Sanford Gibbs in the District Court of Walker County, on April 12, 1878, for $1507, besides interest, against Ward, Dewey & Co., a firm composed of A. J. Ward, E. C. Dewey, and Nathan Patton.

September 29, 1891, Kelly answered in the negative, in writing and under oath, the several statutory questions suggested in the writ.

October 12, 1891, Mrs. S. E. Gibbs filed an affidavit controverting the garnishee's answer. Prefixed to the statement of facts is a statement by the trial judge, that "the parties agree to join issue orally on the garnishee's answer. The defendant garnishee files general denial, or same is considered filed. The plaintiff's replication is," etc.

October 14, 1891, the court rendered judgment for appellee against appellant for $80 and costs, from which this appeal is prosecuted.

The court found it to be a fact that there was a valid and unsatisfied judgment in favor of plaintiff's testator, Sanford Gibbs, against A. J. Ward and others, as alleged in plaintiff's affidavit. Appellant complains of this conclusion, because there was no evidence showing the existence of the judgment in question.

After the filing of an answer sufficient to prevent a judgment by default, and an affidavit controverting this answer, our statute (art. 213, Rev. Stats.) provides, that "an issue shall be formed under the direction of the court and tried as other cases." In this case such an issue was formed, and by consent of parties it was submitted *orally*. It was not necessary that the allegations setting out the issue should be under oath. Ins. Co. v. Willis Bro., 70 Texas, 12. In joining issue, it appears that the defendant pleaded the *general denial*. This, in our opinion, cast upon the plaintiff the burden of proving the existence of the

judgment which was at the foundation of the proceeding. As the record shows that such proof was not made, the judgment is erroneous.

Kelly, the garnishee, was a tenant of Ward, the judgment debtor. The court found that Kelly owed Ward $80 for a mule which the latter had furnished him for the purpose of enabling him to make a crop of corn and cotton during the year 1891. The court, after decreeing a recovery of $80, in effect adjudged, "that Mrs. Sallie E. Gibbs, executrix of Sanford Gibbs, deceased, be and is here now subrogated to all the rights, remedies, and liens now owned, held, or controlled by A. J. Ward against the mule described in plaintiff's affidavit, and the crop of corn and cotton raised by Hawkins Kelly on land rented from A. J. Ward during the year 1891."

Appellant complains that this judgment is erroneous, because "there is no description as to the amount or value of said crops." The judgment in this case is for $80—a sum certain. The lien under the statute (Rev. Stats., art. 3107) extends to the "crop" raised on the rented premises. The description in such a case is necessarily vague. Bourcier v. Edmondson, 58 Texas, 675. It is therefore not necessary that the "amount or the value" of the crops should be ascertained in the judgment. It would appear, however, that the land on which the crop was raised should be more clearly identified than was done in this instance. It was certainly in the power of the pleader to give a more definite description of the rented premises than is contained in the expression, "land rented from A. J. Ward during the year 1891." Bourcier v. Edmondson, supra; Murray v. Land, 27 Texas, 89.

It is contended, that it was error to render judgment against the garnishee for costs. In this case the garnishee filed an answer denying all indebtedness. An issue was formed to try this fact. He thus assumes the attitude of a litigant; and if unsuccessful, he is liable to a judgment for costs. Drake on Attach., sec. 662; Rev. Stats., art. 219.

It is also urged, that the court erred in finding the garnishee indebted to the alleged judgment debtor. We have examined the testimony, and we think that it supports the conclusion in this regard reached by the court.

As already indicated, however, the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 22, 1892.

ON MOTION FOR REHEARING.

GAINES, ASSOCIATE JUSTICE.—Upon consideration of the motion for a rehearing in this case, we are of opinion that there was error in so much of the opinion formerly adopted by this court as held that the failure of the appellee to introduce in evidence the judgment in

the principal case was fatal to the judgment rendered against appellant in the court below.

It is clear, that before a judgment can be properly rendered against a garnishee there must be a judgment against the defendant in the original suit. Such a judgment is necessary to protect him against a direct demand from his creditor. Ins. Co. v. Seeligson, 59 Texas, 3. It follows, therefore, that at any stage of the proceedings in garnishment he should have the right to show either that the judgment relied upon by the plaintiff to support his garnishment does not in fact exist or that it is void. It would seem a proper practice to make the defense in limine and in abatement of the proceeding. But in a case like the present, in which the original judgment is the foundation of the action, we think the objection could properly be taken at any time before judgment against the garnishee; and it is not clear that even afterward he might not have the judgment annulled upon the ground that there was no valid judgment against the defendant to support it, and that therefore the court was without jurisdiction.

In this case, it may be doubted whether the general denial which the garnishee pleaded orally by consent should be held to put in issue the averments in the affidavit. If the affidavit made by the plaintiff in this case should be treated as a part of the pleadings, it would seem, nevertheless, that the denial should be held to apply to the pleading which next preceded it, namely, the affidavit which contested the answer of the garnishee. But we do not consider the decision of the question necessary to the determination of this appeal.

In Farrar v. Bates, 55 Texas, 193, the appellant relied upon substantially the same point as is presented in this case; but the court held, that since the proceedings in garnishment were conducted as a part of the original suit, and under the same number and style, "with the addition to the name of the original defendant that of 'J. R. Farrar, garnishee,'" the court would take judicial notice of its own original judgment in the suit. In that case the garnishment was sued out while the original suit was pending and before judgment was rendered. We fully concur in the proposition announced, that the court should take judicial notice of the judgment, but fail to see any good reason why the manner in which the case was docketed should affect the question. In the case cited, although the issues arising in the garnishment proceeding were tried as a part of the original cause, they were not tried at the same time that the judgment was rendered against the defendant. The principle established in that case leads to the conclusion, we think, that if the garnishment proceeding be a part of the original suit—that is to say, merely ancillary to it—the court upon trial of the issues in the garnishment will look to the record in the principal action.

Our statutes provide, that writs of garnishment may issue in certain cases and under certain conditions, either at the beginning or during

the progress of a suit or upon a judgment already rendered.   Farrar v. Bates, supra, as has been seen, was of the former character, and the garnishment therein issued was clearly ancillary.   In the present case, the principal suit was determined and the judgment rendered before the garnishment proceedings were instituted.   But does it follow that the garnishment even in such a case is not to be treated as ancillary and a part of the original suit?   That the Legislature intended to so treat it we think is shown by the fact that the statute provides that the writ shall be made returnable to the court in which the original judgment was rendered, and that the cause should be heard and determined in that court, without reference to the amount in controversy.   We are of the opinion that upon no other theory can the jurisdiction of the court in many cases be maintained.   Let us take a case in which a garnishment has been sued out upon a judgment rendered in the District Court, and in which the amount in controversy in the garnishment proceeding is less than $500.   Unless the garnishment is merely ancillary to and a part of the principal case, the court would be without jurisdiction to try the issue.   But if it be deemed ancillary, the objection that the court is without jurisdiction is obviated.   The District Court having power to execute its judgments, and the garnishment being but a mode of enforcing execution, it is auxiliary to the original action and a part of it, and as such the District Court has power to determine the issues which arise out of it.   Being a part of the principal suit, the court will take judicial notice of the judgment, although rendered before the proceeding was instituted, just like it will take notice of the judgment rendered in a suit in which the garnishment was sued out before its rendition.   We therefore conclude that the finding of the court below, that the plaintiff had recovered a judgment against Ward, Dewey & Co., did not need evidence to support it, and that it was not error.

This view of the case renders it necessary to pass upon another question in the former opinion, as to the description of certain crops upon which it was claimed that a lien existed for the satisfaction of the garnished debt.   It is there intimated, that the land upon which the crops were grown should have been more accurately described.   This is probably true, if it had been that the judgment had foreclosed the lien.   But such is not the case.   The judgment merely subrogates the appellee to the lien held by Ward, her judgment debtor, for securing the debt found subject to the garnishment.   We think the description sufficient for that purpose.

For these reasons, the motion for a rehearing is granted.

The other assignments have been correctly disposed of in the former opinion, and the judgment is affirmed.

The motion for rehearing was transferred to the Austin Term, and there granted, and judgment below affirmed.