## OLTON STATE BANK v. HOWELL.
### No. 4619.

Court of Civil Appeals of Texas. Amarillo.
April 19, 1937.

James A. Gowdy, of Olton, for appellant.

Meade F. Griffin and Lucian Morehead, both of Plainview, for appellee.

STOKES, Justice.

On the 19th of January, 1931, in the justice court of precinct No. 1, Lamb county, the appellee, Howell, recovered against E. E. Young a judgment in the sum of $137.77, with interest and costs. On the 6th of July, 1932, appellee sued out a writ of garnishment against appellant, Olton State Bank, which writ of garnishment was duly served on appellant. On the 7th of July, 1932, the garnishee answered, admitting an indebtedness of $108.65. Young, the defendant in judgment, filed an answer in the garnishment proceeding in which he alleged that the citation in the original suit was defective and void for the reason that it commanded him to appear at an impossible date, the specific allegation being that the citation was issued on the 13th of November, 1930, and required him to appear on the 3d of that month, and that the judgment based thereon was likewise void and would not support a writ of garnishment. Thereafter, on the 7th of September, 1932, the justice of the peace rendered judgment against the garnishee on the writ of garnishment for the sum of $108.65, reciting that the judgment in favor of appellee was still in existence and had never been paid, and reciting: "It is therefore ordered, adjudged and decreed by the court that plaintiff, A. H. Howell, do have and recover of and from the defendant and garnishee, Olton State Bank, etc."

On November 25, 1932, the garnishee, Olton State Bank, filed in the county court of Lamb county its application for a writ of certiorari, and the case was removed

to the county court, where, on November 10, 1934, it filed its answer to a motion to dismiss theretofore filed by appellee, Howell, in which it, in effect, adopted the allegations of the answer of the defendant, Young, in the justice court, making the same a portion of its answer. On the 15th of August, 1935, the county court entered judgment, reciting that plaintiff appeared in person and by his counsel and that the defendant appeared by its counsel, and all parties announced ready, the judgment reciting that the plaintiff, A. H. Howell, should have and recover of and from the defendant, Olton State Bank, the sum of $108.65, with interest and costs.

In his answer filed in the justice court in the garnishment proceeding, the defendant, E. E. Young, alleged that the judgment asserted by appellee, Howell, was void on account of the defect in the citation which commanded him to appear at an impossible date, and this is the principal allegation adopted by appellant in the county court case.

The judgment is attacked in this court upon the ground that the judgment rendered in the justice court against Young was void and would not support the garnishment proceeding, and error is assigned to the action of the trial court in holding that such judgment was voidable and not void and, in effect, that the same could not be attacked in a collateral proceeding. Appellant takes the position that the garnishee may show that the original judgment is void and when that fact is established by the garnishee, the garnishment proceedings fail because of the lack of a sufficient original judgment to support them. The general rule is that a judgment is void if the court rendering it lacked jurisdiction of the person of the defendant or the subject matter of the litigation. If the court has no jurisdiction to try the controversy, it follows, as a necessary conclusion, that it cannot proceed to investigate and determine the rights involved, and it can make no difference whether the lack of jurisdiction of the person or of the matters involved in the litigation appears upon the face of the record, or is made to appear by proof outside of the record. If no service be had upon the defendant and he did not make a voluntary appearance in the case, the court is without power to bind him by a determination of the issues involved, and this lack of power is not affected by the question of whether the lack of jurisdiction appears upon the face of the record or is shown aliunde.

While this principle of law has been well established, it is equally as well settled that no inquiry can be had upon evidence aliunde in a collateral attack upon a judgment of a domestic court of general jurisdiction which is regular upon its face. This principle proceeds from public policy. In Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325, 328, it is said: "Therefore it is well settled that, where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence dehors the record that the judgment was rendered without any service whatever upon him. Logically, the judgment is, in fact, void, but on grounds of public policy the courts, in order to protect the property rights, apply the rule aforesaid, which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment; and therefore, for all practical purposes, in such collateral attack, the judgment is held valid." Mikeska v. Leon & H. Blum, 63 Tex. 44; Lawler's Heirs v. White, 27 Tex. 250; Fitch v. Boyer, 51 Tex. 336; Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329; Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876; Flores v. Maverick (Tex. Civ.App.) 26 S.W. 316; Murchison Oil Co. v. Hampton et al. (Tex.Civ.App.) 21 S.W.(2d) 59.

The judgment in the justice court recited that the cause came on for trial, when came the plaintiff in person and by attorney and announced ready for trial, and the defendant, though duly cited, failed to appear, but made default. It rendered judgment against him in the ordinary form, and there is nothing upon the face of that judgment to indicate that it is not a valid adjudication of the matters involved. It shows upon its face that the court rendering it unquestionably had jurisdiction of the subject matter and it recites that such jurisdiction had been procured over the defendant. This proceeding is a collateral attack upon that judgment, and, unless it be shown that the judgment itself was rendered by a court that did not have jurisdiction of the parties or the subject matter, or unless up-

on its face a fatal defect is revealed, it cannot be attacked in a collateral proceeding such as this, and is therefore a valid and subsisting judgment in so far as this controversy is concerned.

 Moreover, the defendant in judgment appeared in the garnishment proceeding and set up the same allegations as are relied upon by the appellant in this case. When the case was tried, judgment was rendered against him. He has not appealed from that judgment and the issues made upon the validity vel non of the original judgment have, therefore, been adjudicated. Granting that the original judgment was void when rendered, that question has been litigated and the issue determined in such manner as that it is now unquestionably a valid and binding judgment, regardless of what may have been its real status at the time it was rendered.

Appellant complains that, if it is held responsible to the plaintiff in garnishment and the original judgment upon which it is based is void, then it will have to pay the debt twice; once to the plaintiff in garnishment and again to the defendant, Young, its theory being that, if it pays a void judgment against Young, it can have no recourse against him. We do not agree with appellant in this contention. The attack here made upon the judgment is a collateral attack and the judgment against the judgment debtor is regular on its face. If it were void for reasons that did not appear on its face, that was a matter that concerned the defendant in judgment but did not concern appellant. It was one which the appellant could not have raised in a collateral proceeding such as this. Furthermore, the defendant in judgment was, himself, a party to this proceeding, and the effect of the judgment in the trial court was to deny him relief upon the claim that the original judgment was void. Whether this was correct or not is not a matter that concerns appellant. The judgment debtor did not appeal, but accepted the adjudication and, even if the judgment in the justice court had been void when rendered, it is not void now because of a final adjudication of the question by a court of competent jurisdiction, from which no appeal has been taken. Patterson v. Seeton, 19 Tex.Civ.App. 430, 47 S.W. 732; Gerlach Mercantile Co. v. Hughes-Boz-

arth-Anderson Co. (Tex.Civ.App.) 189 S. W. 784.

If the appellant is forced to pay the judgment and, in turn, it seeks reimbursement from the defendant, Young, any defense that Young may offer as to the invalidity of the judgment would necessarily fall in face of the adjudication of that matter which was had in this case in the county court. A judgment was there rendered against him on that very issue and he has not appealed.

We have examined all of the assignments of error presented by appellant and, believing there is no merit in any of them, the judgment will be affirmed.