**Allen J. PITTS, Appellant,**

v.

**DALLAS NURSERIES GARDEN CENTER, INC., Appellee.**

No. 8383.

Court of Civil Appeals of Texas, Texarkana.

Dec. 14, 1976.

Bettina S. Schonfeld, Berman, Fichtner & Mitchell, Dallas, for appellant.

John M. Gillis, Gillis, Rogers & Taylor, Dallas, for appellee.

RAY, Justice.

This is a garnishment case. Dallas Nurseries Garden Center, Inc., appellee (plaintiff), filed a post-judgment garnishment proceeding against State Farm Insurance Companies (State Farm) as garnishees and holders of monies owed to Allen J. Pitts, appellant (intervenor). Pitts intervened in the garnishment proceeding and sought to quash the writ of garnishment. The motion to quash was denied and following trial to the court without a jury, judgment was entered for appellee in the sum of $862.69. Following the denial of the motions for new trial, the trial court filed findings of fact and conclusions of law. Appellant has perfected his appeal to this Court and submits

four points of error for our consideration. State Farm has not appealed.

The main issues presented for review are whether the money owed to Pitts by State Farm was wages rather than commissions; whether Pitts was an employee of State Farm rather than an independent contractor; whether the judgment upon which the writ of garnishment was based was void; and, whether Tex.R.Civ.P. 657 and 679 and Tex.Rev.Civ.Stat.Ann. art. 4076 related to garnishment after judgment are unconstitutional.

The judgment of the trial court will be affirmed.

■ The evidence was sufficient to support the trial court's finding that Appellant Pitts was an independent contractor and that the monies received by him from State Farm were commissions and not wages. State Farm and Pitts entered into a written agreement under which they operated at all relevant times. Pitts admitted that he was operating under the terms of the contract and that he understood the contract clearly. The contract provided that Pitts had chosen the independent contractor agreement in preference to one which would place him in an employee status and that he was an independent contractor for all purposes. It further provided that he had the right to exercise independent judgment as to the time, place and manner of soliciting insurance, servicing policyholders and otherwise carrying out the provisions of the agreement. We conclude that the funds garnished were commissions subject to garnishment and were not wages for personal services and that such commissions were not exempt from garnishment under the Texas Constitution, art. 16, sec. 28, and Tex.Rev. Civ.Stat.Ann. art. 4099. The evidence supports the fact findings made by the trial court as related to appellant's first two points of error. Appellant's own testimony makes it clear that he was an independent contractor. He testified that when he gets up in the mornings and goes to work, he may go to the office or may not go to the office; that he uses his own initiative to get his business going; that by using his head,

he determines or locates an area where he thinks he could go and sell some policies; that when he sells a bunch of policies on his own initiative that makes him a better agent and gets more money in his pocket; that anticipation of being able to use his own initiative in trying to make more money than the fellow on a $200.00 a week salary had some bearing on his signing the agreement with State Farm; that he wanted to be free to work as the development of his skills would lead him to work; that he could work either twenty-four hours a day or one hour a day; that he employs and pays his part-time help; that he has the freedom to go and try to select what he considers to be a reputable place to set up his office; that the company does not tell him where to locate; that his 1973 tax return shows that he is self-employed and that his 1974 tax return would show the same; and, that the people working for him are his employees and not State Farm's and that he does all the withholding on taxes and social security and files all the forms required. Points of error one and two are overruled. *Standard Ins. Co. v. McKee*, 146 Tex. 183, 205 S.W.2d 362 (1947); *Anchor Casualty Company v. Hartsfield*, 390 S.W.2d 469, 471 (Tex.1965); *Pitchfork Land and Cattle Company v. King*, 162 Tex. 331, 346 S.W.2d 598 (1961).

■ Appellant testified that the judgment upon which the writ of garnishment was based had not been paid and that the judgment was in the sum of $2,257.62, plus attorney's fees, court costs and interest. The trial court in a garnishment proceeding may take judicial notice of the judgment in the original action. *Kelly v. Gibbs*, 84 Tex. 143, 19 S.W. 380, on rehearing, 84 Tex. 143, 19 S.W. 563 (1892). Appellant stipulated that if Grady Brown of Dallas Nurseries Garden Center, Inc. were called to testify, that he would state that Dallas Nurseries Garden Center, Inc. obtained a judgment against appellant for $2,257.62 with interest at the rate of ten percent from August 17, 1973, attorney's fees of $500.00 and all costs of suit; that he would further testify that the judgment is final, valid, subsisting and

remains unsatisfied. Appellant's method of testing the validity of the original judgment was through his motion to quash.

Appellant's third point of error is as follows:

"APPELLEE'S DEFAULT MONEY JUDGMENT OBTAINED AGAINST APPELLANT ON MARCH 18, 1974 IS VOID AND UNENFORCEABLE, BECAUSE IT IS TOO VAGUE AND INDEFINITE AND IS NOT A 'FINAL JUDGMENT' WHICH WILL SUPPORT A WRIT OF GARNISHMENT."

In determining appellant's point of error number three, it is the rule in this state that post-judgment garnishment is ancillary to the original proceedings and is the extension and enforcement of the trial court's judgment. Thus, the trial court may look to the entire record and take judicial notice of the entire proceedings in determining whether the court has jurisdiction to enter its judgment in garnishment. *Kelly v. Gibbs*, supra. In the original proceedings the trial court stated,

"Let the record duly reflect that this cause being CC–74–5276–d in this Court styled Dallas Nurseries Garden Center, Inc. represented by John Gillis vs. Allen J. Pitts represented by Jay S. Fichtner was duly called after 9:00 a. m. this date, docket call being at 9:00 a. m. and at 9:20 a. m. no one had appeared for the Defendant and at that point testimony was heard from the Plaintiff."

The record does not reveal that appellant appealed from the original judgment or that appellant has filed any proceedings to directly attack the judgment in the first instance. The trial court determined that the original judgment was final, valid and subsisting and unsatisfied.

The record and judgment clearly show that in the original proceedings the trial court had jurisdiction of the parties and the subject matter and appellant does not question that fact. Appellant's questioning of the original judgment in the garnishment proceedings was a collateral attack upon the judgment and is not permit-

ted. *Olton State Bank v. Howell*, 105 S.W.2d 287 (Tex.Civ.App. Amarillo 1937, no writ). The original judgment does not appear to be fatally defective upon its face. Any complaints by appellant as to irregularities in the judgment are barred since appellant did not timely appeal from such judgment. *Olton State Bank v. Howell*, supra. Appellant's third point of error is overruled.

We find no merit in appellant's fourth point of error. Post-judgment garnishment is a valid and constitutional method of enforcing a valid original judgment. After the rendition of a valid final judgment, the defendant must take notice of what will follow. *Endicott-Johnson Corp. v. Encyclopedia Press, Inc.*, 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924); 25 Baylor L.Rev. 242. Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.