State v. Keim.

THE STATE OF NEBRASKA, PLAINTIFF IN ERROR, V. CHRISTIAN L. KEIM AND HENRY GRABLE, DEFENDANTS IN ERROR.

**Loan or Deposit of Public Money.** The petition states that the plaintiff deposited two thousand dollars with the defendants, who were bankers, etc., for safe keeping, to be delivered up on demand; that it was afterwards demanded and payment refused. *Held,* on demurrer, that an unauthorized or unratified loan or deposit of public money constitutes no cause of action in the name of the state.

ERROR from Lancaster county.

*George H. Roberts, Attorney General,* and *Lamb, Billingsley & Lambertson,* for plaintiff in error.

Two points were especially relied on in the court below.

1. That the petition does not show that the state is the real party in interest.

2. That the petition does not show that the money was deposited pursuant to any law or authority.

Upon the first point we say: The defendants are not in a position on this demurrer to contest this point. The allegation of the petition is that *the state* deposited it under an agreement that it should be delivered up on demand. And that demand had been made for it. There is not anything on the face of the petition to show any illegality in the deposit of the money. Illegality will not be presumed. It being a matter in which the state was interested the state had a right to sue. Laws, 1877, p. 24, sec. 16. *People v. Fairchilds,* 15 N. Y. Supreme Court, 334. *State v. Dubuclet,* 27 La. Ann., 29. And if the moneys were state moneys or public moneys and were illegally deposited there, would the condition of the defendants be any better?

A public officer or board cannot, in their own names or officially, maintain an action for public moneys even in cases where they are entitled to its possession and control unless specially authorized by statute. *Regents v. McConnell*, 6 Neb., 425. *Commissioners v. Perry*, 5 Ohio, 56. *Hunter v. Commissioners*, 10 Ohio State, 515. *State v. Grant*, 7 Blackf., 73. *State v. Wright*, 8 Blackf., 65. While if the defendants wrongfully became possessed of the money the state may recover it in its own name. *McCann v. The State*, 4 Neb., 324.

Upon the second point we urge that under our statutes all public moneys retain the character of public moneys into whosesoever hands they come that has notice of their character. By section 2, article IV, all public moneys are to be received and kept by the state treasurer, but in what vault, safe, or place, or where, is not specified; and he is to disburse the public moneys on warrants, etc., drawn on the treasury—he is liable to a penalty for not paying when the money is in the state treasury—and "all money" may be counted by a committee of the legislature, etc. Still further, by chapter 45, he is said to be merely "intrusted" with it. So also by section 124, pages 749 and 750 of the code of criminal procedure, the stamp of the ownership of the state is fixed on all public moneys in the several officers' hands, and in the hands of all other persons to whom they come with notice of their character. And the refusal of any such officer or person, whether in office or out of office, to pay any draft, order, or warrant, which may be drawn upon him by the proper officer for any public money in his hands, no matter in what capacity the same may have been received or may be held by him, renders the party liable. Now the state could only deposit the money by or through some of its officers. If the deposit was rightful, the state rightfully can recover the same. If the deposit was wrongful, the state

can recover the money under the authority of *McCann v. The State* cited above.

*Schoenheit & Thomas*, for defendant in error.

The state of Nebraska has committed the care, custody, and control of all money belong to it, to the state treasurer, who is required to give bond for the faithful performance of his duties.    Gen. Stat., pp. 99, 100, 480, 1016.    The treasurer is not, like a trustee or an agent, the mere bailee or custodian of the money in his hands.    The money which he receives becomes his own money, and he is liable absolutely for it to the state on his official bond.    He is held to almost, if not quite, the same degree of liability as if he were an insurer of the safety of the money.    *Shelton v. State*, 53 Ind., 331.    *Perley v. Muskegon*, 32 Mich., 132, and authorities there cited.    The petition in the case at bar alleges a deposit by the state payable on demand, a subsequent demand and refusal, and then asks for judgment for the money with interest.    We contend that this is not an allegation of a special deposit, but of a loan of the money, and that the prayer for interest shows that to be the fact.    *State v. Buttle's Ex'r*, 3 Ohio St., 309.    *Perley v. Muskegon*, 32 Mich., 132.    If the treasurer has deposited or loaned any of the state money, he must recover it in his own name and not in that of the state.    If the money cannot be collected, the loss must fall upon the treasurer and not upon the state.    This action is evidently for the benefit of the treasurer and to release him and his sureties from all liability on his official bond.    We think no advantage can be derived for them by alleging that the deposit or loan was made by the state and not by the treasurer. As the treasurer has all the money in his custody, it is impossible for the state to loan or deposit any part of

it without the intervention of the treasurer. If the state itself deposited the money in question as alleged, it could have done so only by an act of its legislature, giving authority to the treasurer to make the deposit. Certainly none of the state officers, nor all of them combined, could have given such authority. The legislature itself could have given such authority in no other mode than by general law, and if the treasurer made the loan or deposit without authority, the state could have ratified his unauthorized act only by its legislature and by general law. In deciding the demurrer in the case at bar, this court will take judicial notice of all general laws, and of the fact that no law has ever been passed authorizing the loan or deposit in question, or ratifying the same after it was made, or authorizing the institution of this action.

COBB, J.

The state, by the attorney general and other attorneys, brought this action against the defendants for two thousand dollars, which it is alleged in the petition it deposited with the defendants, who were copartners in the business of banking at the city of Falls City, in the state of Nebraska, under the style and firm name of C. L. Keim & Co., for safe keeping, to be delivered to the said plaintiff on demand. That the same was afterwards demanded and payment thereof refused, etc.

Keim, one of the defendants, demurred to the petition, and assigned, with other grounds of demurrer, that the said petition does not state facts sufficient to constitute a cause of action in favor of said plaintiff and against the said defendant. The district court sustained the demurrer and rendered judgment for the defendant. No service of process was had on the defendant Grable.

By article IV of the General Statutes, p. 1016, it is made the duty of the state treasurer to reside and keep his office at the seat of government; to receive and keep all moneys of the state, not expressly required to be received and kept by some other person. By section 124 of chapter LVIII, of the same statutes, p. 749, all investments or loans of the state money are prohibited. The depositing of the $2,000 in the bank of the defendants was a loan in its legal effect. *Commercial Bank of Albany v. Hughes*, 17 Wend., 100. *Southern Loan Co. v. Morris*, 2 Barr, 175.

The state could not have made this loan in point of fact without the intervention of some officer or agent. No officer or agent of the state could make such loan or deposit without a violation of the law above referred to, which violation would render such officer or agent both personally and officially liable to the state for the money so loaned or deposited, while no such unauthorized act would bind the state. The reverse of this proposition must be equally true, that the state would thereby acquire no right of action except as against its officer or agent on his official bond, or for a violation of law, or in a proper case against parties who might be guilty of a conspiracy with such officer or agent to unlawfully obtain possession of the public money by means of such loan or deposit.

It is true that although such loaning or depositing of the public money was unauthorized and contrary to the spirit and policy of our government, yet after it was done in point of fact it could be ratified by the state. But such ratification could, under our constitution, only be by public law, and this court will take judicial notice of any such law or the absence thereof.

The transaction set forth in the plaintiff's petition not being originally binding on the state and not having been assumed or ratified by it, constitutes no cause of

action on the part of the state against the defendants.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.