E. N. MORRILL AND C. H. JANES, *Partners as Morrill & Janes,* v. HORACE RAYMOND.

1. MONEY, *When not to be Attached nor Garnished.* While the relation between the bank and its depositor may be that merely of debtor and creditor, and the balance due on the account may be only a debt, yet if the money deposited belongs to a third person and is held by the depositor in a fiduciary capacity, its character is not changed by being placed to his credit in his bank account or mixed with other moneys deposited in his own name; and when the principal and equitable owner of the fund asserts his right to the money before repayment to the depositor, neither an attaching nor a garnishing creditor is entitled to have it applied to satisfy the debt or judgment of the depositor.

2. FUND, *When not to be Garnished.* Where a person holds a fund for the use and as the property of his principal, it is not subject to garnishment by his judgment creditor when the bank and creditor have notice of the principal's ownership in the fund, although such person deposits the fund in a bank in his own name.

*Error from Brown District Court.*

THE firm of I. N. Speer & Co., of Hiawatha, in the fall of 1880 employed C. H. Orth to purchase corn for them at

Hiawatha, and gave him the money with which to do it. The contract between the parties was that Speer & Co. were to furnish him the money, which he was to deposit in the bank of Morrill & Janes at Hiawatha, and as he bought corn he was to check it out. Nothing was said at the time about whose name he was to deposit the money in, but it was supposed by the parties that he would deposit it in his own name. It was understood that the money was to be used by Orth for no other purpose than to buy grain, and Speer & Co. never authorized him to mix the money with his own or any other person's money, and never authorized him to use the money or any part thereof for his own use, and never had any knowledge that he was doing so. Orth was to be paid one cent per bushel for buying the corn, but the corn contracts were taken in his own name. Speer & Co. furnished the money to the amount of from $10,000 to $15,000, and Orth deposited the money as agreed upon, but put it along with other moneys, some of it belonging to other parties. From October 1, 1880, to April 1, 1881, the account of Orth with the bank of Morrill & Janes aggregated $28,613.85. Sometime in February, 1881, he drew out of the bank all of the moneys belonging to other parties than Speer & Co., and the deposit account after that day was only the moneys due Speer & Co., advanced to him to purchase corn under the contract. On April 1, 1881, the money on deposit to Orth's credit at the bank was $586.50. A correspondent of the bank at St. Joseph had paid on the same day a check of Orth's for $150. All the other money deposited by him had been drawn out on checks drawn by himself. On April —, 1881, Orth had received from Speer & Co. $692.12 which he had not expended for the purchase of the corn; the deposit at the bank upon that day being actually less than that due from Orth to Speer & Co.

On the 17th day of February, 1879, Horace Raymond obtained a judgment in the district court of Brown county, against Orth, for the sum of $749.63, bearing interest at seven per cent. per annum. This judgment was obtained

upon a petition filed July 18, 1878, charging Orth with the conversion, on or about the 20th day of February, 1878, of a portable steam engine belonging to Raymond. This judgment remaining unsatisfied, Raymond, on April 1, 1881, caused an execution to be issued against the property of Orth, which was returned the same day by the sheriff indorsed, "No goods, chattels, lands, or tenements found." Thereupon, on the same day, the judgment creditor, Raymond, filed his affidavit for garnishment, and caused a summons in garnishment to be issued. This was served on Morrill & Janes April 1, 1881. On April 12, 1881, Morrill & Janes answered to the order of garnishment as follows: "We had a sum of money standing to the credit of C. H. Orth, when served with garnishee notice, which is now claimed by I. N. Speer & Co. to belong to them, of the value of $436.50." This answer being unsatisfactory to Raymond, he commenced this action April 23, 1881, against Morrill & Janes. The prayer of the petition was for judgment against defendants Morrill & Janes as garnishees of C. H. Orth, for the sum of $586.50. On August 2, 1881, defendants filed their answer, containing a general denial. Trial had by the court without a jury, at the September Term, 1881. A general finding was made for the plaintiff, Horace Raymond, and judgment rendered in his favor against Morrill & Janes for $586.50, and costs of suit. Exceptions were noted by defendants, who bring the case here.

*James Falloon,* for plaintiffs in error.

*Lacock & May,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The question before us is, whether the money on deposit in the bank of Morrill & Janes to the credit of C. H. Orth, on April 1, 1881, the date of the service of the garnishment process, was subject to be applied to the satisfaction of the judgment obtained by the creditor of Orth. It is certainly true the relation at that time between the bank and its depositor Orth was merely that of debtor and credi-

tor, and the balance due on the account was only a debt.   The
bank had no knowledge that the deposit was a trust fund, and
the account was made to be checked against in the usual and
ordinary way.   Notwithstanding all this, upon the hearing
it was the duty of the court to decide to whom in equity
the deposit beneficially belonged.   The evidence upon this
question is not conflicting or contradictory.   The money ad-
vanced by Speer & Co. to Orth, to pay for the purchase of
corn, was to be deposited in the bank and to be used by him
to pay for corn, and for no other purpose.   He had the right
to deposit it in his own name, but not to use it or any part of
it to satisfy his prior creditors.   On April 1, 1881, his ac-
count with Speer & Co. showed that he ought to have had
$692.12 of their money which he had not expended, and his
account with the bank at that date showed on deposit $586.50.
Orth, in February, 1881, had formed a partnership with one
Benner, and after February, 1881, they kept the money
of the firm in their safe at their office.   Although other
moneys had been deposited by Orth in the bank, along with
moneys advanced by Speer & Co., yet in February Orth drew
out of the bank all the moneys belonging to the other per-
sons, and after that date the deposit account was only the money
of Speer & Co.   The money, therefore, on April 1st so depos-
ited in the bank, belonged in equity to Speer & Co., and Orth
held it in a fiduciary capacity.   Its character was not changed
by being placed to his credit in his bank account.   Before
Morrill & Janes, the garnishees, answered, the notice of own-
ership was given them by Speer & Co.   Thereafter the bank
had notice of the claim of Speer & Co., and very properly
made answer to the garnishment process that the money stand-
ing to the credit of C. H. Orth was claimed by Speer & Co.
as their own.   The money on deposit was Speer & Co.'s, not
Orth's.   When the answer of Morrill & Janes was filed, on
April 12th, 1881, all the parties to this action had knowl-
edge of this fact.   A creditor of Orth, therefore, was not en-
titled either by attachment or garnishment to have the deposit
in the bank held by Orth as a fund for the use and as the

property of Speer & Co. applied to the payment of Orth's debts. Orth had no right to apply this fund in whole or in part, to pay or reduce the judgment of Raymond against him, and the judgment creditor stood in no better position than the depositor. The judgment of the court therefore is wholly unsupported by the evidence. (See *Central National Bank of Baltimore v. Conn. Mutual Life Ins. Co.*, U. S. Supreme Court MSS., October Term, 1881, and the cases there cited.) If the claim of Raymond had accrued originally upon the faith and credit that the money on deposit was Orth's individual property, another and a different question would be presented for adjudication; but this we find to be distinctly and fully negatived by the fact that Raymond's judgment was obtained long prior to the deposit, and for the conversion of a portable steam engine. The circumstance of the account at the bank, in favor of Orth, had no connection with any transactions between Orth and Raymond before the rendition of the judgment of the 17th of February, 1879. All the deposit was subsequent to such judgment. The judgment of the district court must therefore be reversed, and the cause remanded for a new trial.

All the Justices concurring.