[No. 1238.   Decided August 6, 1894.]

DANIEL MARX *et al.*, *Respondents*, v. W. S. PARKER *et al.*, *Appellants.*

GARNISHMENT — PARTIES — INTERVENTION — LIABILITY OF FUNDS HELD BY PUBLIC OFFICER.

Where a bank summoned as garnishee sets up in its answer that it has money deposited by the judgment defendant, but that such money has been collected and deposited by such defendant as city marshal of a city, and that all sums held in the defendant's name by the garnishee in fact belong to the city, it is error for the court, of its own motion, to require the city to appear in the action as an intervenor.

Where funds deposited by a public officer in bank in his individual name belong, in equity, to the municipal corporation of which he is an officer, such funds cannot be garnished at the suit of his individual creditors.

The fact that a custodian of city funds is required by law to give a bond for the proper disposition of the moneys coming to his hands

does not thereby constitute him a mere debtor to the city for such moneys, but he occupies the position of a bailee, subject to special obligations; and such funds, when deposited by him in bank, are not subject to garnishment at the suit of his judgment creditors.

*Appeal from Superior Court, Whatcom County.*

*Albert Sherman*, and *Kerr & McCord*, for appellants.

*Alexander & Alexander*, for respondents.

The opinion of the court was delivered by

STILES, J.—Marx & Jorgenson having obtained a judgment for money against W. S. Parker, summoned the First National Bank of Fairhaven as a garnishee. The bank answered that it had an account with Parker as a depositor, wherein he was credited with $845.14; but it alleged that the money deposited was money of the city of Fairhaven which Parker, as marshal of that city, had collected in his official capacity, and this fact, at the hearing, it established to a moral certainty. The account was kept in the individual name of Parker, but it was understood that none but city money would be deposited in that account, and that none but checks in favor of the city treasurer would be drawn against it. Still, it was in no sense a special deposit, but the money was used by the bank for its own purposes, with the understanding that it would be required at the expiration of each month, when the statute required the marshal to settle with the treasurer. Gen. Stat., § 655.

It was error for the court, of its own motion, to require the city of Fairhaven to appear as an intervenor. It would have neither gained nor lost by the result of the proceeding. *Horn v. Volcano Water Co.*, 13 Cal. 62.

It was a proper case for an interpleader on the motion of the bank under Code Proc., § 152; but no such motion was made. Therefore the city must go out of the case, in any event.

The disposition of this case depends upon the settlement of two questions:

1. What were the rights of respondents as plaintiffs in the garnishment proceeding.

2. What relation did Parker, as marshal, bear to the city of Fairhaven touching the money collected by him and deposited with the bank.

1. It is a general rule in garnishment that the plaintiff can obtain no greater beneficial relief against the garnishee than the judgment debtor would be entitled to, and that if the debtor's recovery would be limited to a mere legal title without beneficial interest or right of enjoyment in himself the proceeding must fail. A judgment creditor cannot have his debt satisfied out of property held in trust for another, no matter how completely his debtor may have exercised apparent ownership over it, unless it was upon the faith of such ownership that the credit was given. Wade, Attachment, § 416; *Morrill v. Raymond*, 28 Kan. 415; *Farmers, etc., Bank v. King*, 57 Pa. St. 202.

Therefore, if the deposit in the bank was, in equity, the property of the city, although it stood in Parker's name, respondents had no right to a judgment against the garnishee.

2. The respondents present several propositions, supported by authority, to the effect that a custodian of public funds, who is required by law to give a bond for the proper disposition of the moneys coming to his hands, is not a mere bailee, but is a debtor; and the argument is drawn therefrom that the money which he receives is his, and can be applied to the payment of his debts.

The general rule is conceded to be that an agent can, under no circumstances, so deal with his principal's property or money, that the former cannot, as against him, follow and recover it, or its proceeds, whatever shape he may have caused it to take. And all persons into whose

hands the principal's property, or its proceeds, may come, with notice of its character, are likewise responsible to him in a proper action. *National Bank v. Insurance Co.*, 104 U. S. 54; *Farmers Bank v. King, supra; Van Alen v. American National Bank*, 52 N. Y. 1; *Overseers of Poor v. Bank*, 2 Gratt. 544; *Meadowcroft v. Agnew*, 89 Ill. 472.

Now, a collector or treasurer of a municipal corporation, without bond and without statutory obligations, would at common law be a mere bailee, and the rules governing bailments would apply to him the same as any other agent. But it is universal that such officers are required to give bonds, and that statutes govern their liability, and out of this fact have grown many cases which seem at first glance to sustain the view that they are debtors and not bailees, and that the money they receive is their own.

In *Inhabitants of Colerain v. Bell*, 9 Metc. (Mass.) 499, it was said:

"The specific money received by a collector, in the collection of taxes, is his money, and not that of the town."

In *Inhabitants of Hancock v. Hazzard*, 12 Cush. 112, the court, speaking of a collector of taxes, said:

"His obligation is not regulated by the law of bailments, and the cases cited to that effect are not applicable. He is a debtor, an accountant."

In *Egremont v. Benjamin*, 125 Mass. 15, concerning a town treasurer, the expression was used:

"He was not a bailee of the moneys received, but an accountant."

*Halbert v. State*, 22 Ind. 125, declared it to be well established that a public officer required to give bond for the proper payment of moneys coming into his hands officially, is not a mere bailee of the money. *Rock v. Stinger*, 36 Ind. 346, held that the technical legal title to

money in the hands of a township trustee was in himself,
and that a loan of such money did not constitute an illegal
transaction; and so, in *Shelton v. State*, 53 Ind. 331, it
was ruled that there could be no recovery against a county
treasurer for interest received by him on deposits of county
funds in a bank, because the money received by him be-
came his own money.   This case notes the absence of stat-
utory provisions, which will be spoken of hereafter.
*Perley v. County of Muskegon*, 32 Mich. 131, contains an
elaborate review of the subject in an action for money had
and received against third persons alleged to have received
and used money furnished by a county treasurer out of
county moneys in his hands, and it was held that the offi-
cer was not a bailee merely, and that the action brought
would not lie; yet the opinion strongly intimates that an
action on the case or a bill in equity might be sustained.
So far has the argument drawn from these cases been
carried that in *State v. Keim*, 8 Neb. 63, it was held that
the state could not recover money deposited by its treas-
urer in a bank, on the ground that it was a loan of money
prohibited by statute, and not the result of a conspiracy
to obtain public money; and in *First National Bank v.
Gandy*, 11 Neb. 431 (9 N. W. 566), a judgment creditor
of a county treasurer was awarded judgment against a
bank, as garnishee, of funds deposited with it by the officer
*as treasurer*.   The statute made it a crime for the treasurer
to loan public money, and the bank was held to be estopped
to set up the fact that it had assisted in the accomplish-
ment of the forbidden act.

A leading case on this subject is *United States v. Pres-
cott*, 3 How. 578, where it was said in an action on the
bond of a receiver of public moneys:

"This is not a case of bailment, and, consequently, the
law of bailment does not apply to it.   The liability of the
defendant arises out of his official bond, and principles
which are founded upon public policy."

The case last cited was followed in *United States v. Morgan*, 11 How. 154, and *United States v. Dashiel*, 4 Wall. 182. But *United States v. Thomas*, 15 Wall. 337, cleared the atmosphere surrounding the point in discussion to a very great extent. The decision in that case, reviewing the former federal cases, held that a collector of the government was a bailee, but that the policy of the acts of congress had exacted from him a more strict accountability than the common law imposed upon the ordinary bailee. The opinion refers to acts of congress restricting the authority of depositaries of public moneys, including prohibition against depositing in banks and declaring certain acts to constitute a crime. It finds the rule to be nearly absolute that the officer is responsible for government money; but it proceeds:

"Still they are nothing but bailees. To call them anything else, when they are expressly forbidden to touch or use the public money except as directed, would be an abuse of terms. But they are special bailees, subject to special obligations. It is evident that the ordinary law of bailment cannot be invoked to determine the degree of their responsibility."

It seems to us that every one of the earlier cases cited, where the expression was used that such and such an officer was not a bailee, or a mere bailee, or was a debtor, must be regarded from the standpoint of the court and the particular case. They were one and all cases where suit had been brought upon the bond of the officer, and he was attempting to excuse his default because he had lost the money by robbery, or from some other cause over which he claimed to have had no control. But in every such case it was held that his liability was absolute, and the true reason, under *United States v. Thomas*, *supra*, must be, not that he was any the less a bailee, but that the statute imposed upon him a measure of duty larger than that found in the common law. If the courts of the states adhered to

the view broadly stated in 36 Indiana, that the money in the hands of the county treasurer is his own money, how is it that the sole case which is cited that such money can be applied to the payment of his individual debts is found in Nebraska? Why do we not see creditors of such officers sending the sheriff into the very safe of the county treasurer and taking therefrom the money which belongs to the treasurer upon execution against him? Why are not army paymasters stopped on the road and required, by supplementary proceedings, to pay their debts out of the money in their hands for the payment of troops? No lawyer would think of such a proceeding for one moment, because the money in their hands belongs to the public and not to themselves; and if the money in the hands of the officer is thus exempt, what can there be in his depositing it in a bank, or loaning it to an individual, which changes his ownership of it, or of the debt created by his deposit or loan? Any principal whose agent converts or deposits or loans his money can continue to look to the agent and compel re-payment by him as a debtor; but he is not bound to do so when the person receiving it has knowledge of the relations of the principal and agent. Nor is there anything in the fact that states or municipal corporations require bonds which increase the certainty that their agents will faithfully account, which should deprive them of the common law right of private principals in similar transactions.

Again, we have, in this state, laws which are fully equivalent to the acts of congress referred to so restricting the authority of federal depositaries, with the exception that deposits in banks are not expressly forbidden; for section 57 of the Penal Code makes it a felony for any officer to use any portion of the public money entrusted to him, in any manner or for any purpose not authorized by law, which is the same as a prohibition against using it except as authorized by law. Under the Nebraska case cited it

was held that a deposit of such funds in a bank would be a breach of the bond of the officer and a violation of a penal statute similar to ours. This may be correct, but we do not believe it to be logical to say that for that reason the equitable owner of the fund should not have it, or that the debtor bank should be estopped to defend in garnishment by disclosing such owner. The liability of the bank to the officer is a chose in action which, although the naked legal title to it is in him, really belongs to his principal. Some complications may grow out of this doctrine, as they certainly must out of any other; but it is not a new doctrine at all, and it will operate as well in practice where a municipal corporation is the principal as where he is a private individual or corporation. See Mechem, Pub. Off., § 922, and cases cited.

Although garnishment is a purely statutory proceeding, it is always administered upon equitable principles, and upon the answer of the bank and the proofs, we hold it not to be liable for respondent's judgment against Parker.

Judgment reversed, and cause remanded with instructions to dismiss the garnishment proceeding. The First National Bank of Fairhaven will recover costs against respondents, but not against the city of Fairhaven. The city of Fairhaven will not recover costs.

DUNBAR, C. J., and ANDERS, SCOTT and HOYT, JJ., concur.