KLARAS v. NORTH BRITISH & MERCAN-
TILE INS. CO. OF LONDON &
EDINBURGH. (No. 5857.)

(Court of Civil Appeals of Texas. Austin. Dec.
21, 1917. Rehearing Denied
Jan. 30, 1918.)

1. COURTS ⬥480(2)—INJUNCTION—COURTS OF
SAME STATE—ENFORCEMENT OF JUDGMENT.

Where creditor of insured garnished insurer, which paid amount of policy into district court after insured had sued on the policy in county court, and the creditor got judgment which was paid, the district court could not perpetually enjoin enforcement of the county court judgment against the insurer, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4653, requiring writs of injunction to stay execution of a judgment to be returnable in the county where the suit is pending.

2. COURTS ⬥480(2)—INJUNCTION—RIGHT TO
WRIT.

In such case it was not necessary, in order to prevent irreparable injury, to enjoin execution of the county court judgment, since such court, on showing that the garnishee had paid the debt, had power to make any necessary order.

Error from District Court, McLennan County; E. J. Clark, Judge.

Action by the Central Texas Exchange National Bank of Waco against B. Klaras, wherein the North British & Mercantile Insurance Company of London & Edinburgh was garnished, and prayed that an action by B. Klaras against it be enjoined. Judgment for plaintiff and order that the injunction issue as prayed, and Klaras brings error. Affirmed in part, and in part reversed and dismissed.

W. L. Eason, of Waco, for plaintiff in error. Locke & Locke, of Dallas, for defendant in error.

KEY, C. J. The trial judge's findings of fact and conclusions of law sufficiently indicate the nature and result of this suit, which findings and conclusions are as follows:

"Findings of Fact.

"(1) On or about May 21, 1913, the garnishee issued a policy of fire insurance to one A. Kronberger, whereby it undertook to indemnify the said Kronberger to an extent not exceeding $400 against direct loss or damage by fire for a period of three years from May 21, 1913, to a house at 2414 South Fourth Street, Waco, Tex. Later, and prior to June 21, 1915, the property covered by said policy was sold by said Kronberger to B. Klaras, and the garnishee consented thereto. Said policy was numbered 2558022.

"(2) On June 26, 1915, the said B. Klaras,

by his attorney, W. L. Eason, forwarded to the garnishee proofs under said policy on account of a loss by fire of said house on June 21, 1915. The proofs were received by the garnishee on June 27, 1915. The policy of insurance was of the Texas standard form, providing that the sum for which the garnishee was liable should be payable 60 days after receipt by it of proofs of loss, and also providing that the policy should be void in case of a change in interest, title, or possession of the subject of insurance.

"(3) That on June 25, 1915, at the instance of Central Texas Exchange National Bank of Waco, plaintiff in a suit styled Central Texas Exchange National Bank of Waco v. B. Klaras, pending in this court and numbered 661 on the docket thereof, a writ of garnishment of proper form was issued and duly served on the same date on the garnishee. The amount of the debt claimed by Central Texas Exchange National Bank of Waco against B. Klaras was in excess of the amount of the insurance policy issued by the garnishee on said building.

"(4) The garnishee after the receipt of the proofs of loss learned that on December 10, 1914, B. Klaras had conveyed the property covered by said policy of insurance to George Bazouros by warranty deed duly filed for record in the records of McLennan county, Tex., and made an investigation to determine the circumstances of such conveyance, and whether thereby a change occurred in the interest, title or possession of the subject of insurance which would avoid the policy.

"(5) On August 7, 1915, the garnishee filed its original answer to the writ of garnishment.

"(6) On August 26, 1915, B. Klaras instituted suit in the county court of McLennan county, Tex., against North British & Mercantile Insurance Company of London & Edinburgh to recover the sum of $400 under said policy on account of said loss on June 21, 1915. The defendant in said suit was duly served with citation immediately and in time to require an answer at the term of said court convening September 6, 1915.

"(7) The defendant's attorneys, Locke & Locke, at Dallas, prepared on September 4, 1915, and mailed on the same date to the clerk of the district court of McLennan county, Tex., the garnishee's first amended original answer in this suit, and to the clerk of the county court of McLennan county, Tex., its original answer in said suit of B. Klaras against it.

"(8) In said answer to the suit in the county court the defendant admitted the indebtedness of $400 claimed, but set up the fact of the service on it of the writ of garnishment aforesaid, and of the fact that it had filed an amended answer in the garnishment suit admitting the indebtedness and offering to pay the money into the registry of the court, and alleging that B. Klaras had filed an independent suit against the garnishee for the amount of such debt and making him a party thereto and praying that the prosecution of said independent suit be enjoined, and in said answer in the county court suit the defendant prayed that the suit be abated or be stayed pending the proceedings in the garnishment suit. The defendant's attorneys wrote to W. L. Eason, attorney for said B. Klaras, on September 4, 1915, advising him of the forwarding to the clerks for filing of said amended answer in garnishment and of said original answer in the county court suit and advising him of the contents of the same as stated as above, and inquired his wishes with respect to the suit in the county court and requested that he advise them of any setting of the case, or if it should be set for September 7th, 8th, or 9th that he telegraph them at their expense. Such letter was received by said Eason on September 6, 1915. The defendant's attorneys in forwarding said answer in the

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

county court suit to the clerk of the county court also requested said clerk to advise them of any setting of the case and to do so by wire at their expense if the case should be set for September 7th, 8th, or 9th.

"(9) The first amended original answer in the garnishment suit was filed on September 7, 1915, and the original answer in the county court suit was filed September 6, 1915.

"(10) On September 6, 1915, W. L. Eason, attorney for B. Klaras, called up the office of the garnishee's attorneys in Dallas, Tex., by telephone, at their expense, and stated to them that he would ask the county judge for judgment in said county court case on the defendant's answer when the case was called on the appearance docket the following morning. The defendant's attorneys replied that if he made such request of the judge and if judgment was entered they would move to set it aside.

"(11) On the call of the appearance docket in the county court on the morning of September 7, 1915, said county court suit not having been set for trial on that date, W. L. Eason, as attorney for B. Klaras, when this case was reached, stated to the court that the suit was upon an insurance policy and that the plaintiff's debt was admitted, and requested the entry of judgment in favor of plaintiff for $400 on the admission in defendant's answer. Neither the petition nor the defendant's answer was read to the court, and the court was not apprised of the fact that the defendant in said answer set up the service on it of a prior garnishment.

"(12) On September 8, 1915, the garnishee's first amended original answer in the garnishment suit having been called to the attention of the judge of the court and request made for the issuance of a temporary restraining order in accordance with the prayer of such answer, a fiat was entered by the judge on such answer directing the issuance of such temporary restraining order against the further prosecution of the suit in the county court upon the filing of a bond in the sum of $800. Said bond was filed and the writ of injunction was issued and served on said Klaras on September 13, 1915.

"(13) In the principal suit out of which said garnishment was issued, judgment was rendered on November 22, 1915, in favor of the plaintiff Central Texas Exchange National Bank of Waco, Tex., against B. Klaras, among others, jointly and severally, for a sum in excess of the amount of said indebtedness of $400.

"(14) The garnishee on account of said policy of insurance and said loss occurring June 21, 1915, thereunder, became indebted to B. Klaras in the sum of $400. The debt for which suit was instituted in the county court, as aforesaid, is the same as the debt garnished in this suit.

"(15) The garnishee has deposited with the clerk of the court, in pursuance of the order of the court, the sum of $400, being the amount of its indebtedness under said policy for said loss.

"(16) Said building covered by the policy in question was totally destroyed by the fire.

## "Conclusions of Law.

"1. I conclude from the foregoing facts that the garnishee, in order to protect itself from the vexation and expense of double litigation and the possibility of double recovery, was entitled to the remedy of interpleader, making the plaintiff in the county court suit a party to the garnishment suit in this court and restraining the further prosecution of the suit in the county court.

"2. I conclude that the indebtedness owing by the garnishee to B. Klaras was duly garnished by Central Texas Exchange National Bank, and that said bank is entitled to the benefit of said indebtedness.

"3. I conclude that the garnishee is entitled to a reasonable attorney's fee to be deducted from the amount of its indebtedness or out of the fund deposited in the registry of the court for the amount of such indebtedness, and that $25 is the amount of such fee. I conclude further that the garnishee is entitled to its costs to be also deducted from the amount of said indebtedness or fund.

"4. I conclude that judgment should be rendered in favor of Central Texas Exchange National Bank against the garnishee for the amount of such indebtedness, less its said attorney's fees and costs, and that the garnishee is entitled to an injunction perpetually restraining the said Klaras from the further prosecution of said suit in the county court, and so from attempting to collect for his own account the amount of indebtedness decreed to the said Central Texas Exchange National Bank."

### Opinion.

[1] A decree was rendered in accordance with the findings and conclusions of the trial judge, and B. Klaras has prosecuted a writ of error from that decree. His complaint is that the district court has no jurisdiction to perpetually enjoin the enforcement of the judgment of the county court in his favor against the insurance company. That complaint is well taken, and requires a reversal of the judgment. Article 4653, Revised Civil Statutes; Smith v. Morgan, 28 Tex. Civ. App. 245, 67 S. W. 919; Broocks v. Lee, 50 Tex. Civ. App. 604, 110 S. W. 756; Ry. Co. v. Butler, 52 Tex. Civ. App. 323, 114 S. W. 671; Thallman v. Buckholts, 181 S. W. 791; Baker v. Crosbyton Ry. Co., 107 Tex. 566, 182 S. W. 287; Marshall v. Spiller, 184 S. W. 285; Hammack v. Schley, 186 S. W. 872.

The statute cited provides that:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered."

In the cases just cited that statute is construed, and, with certain exceptions, some of which are indicated by the Supreme Court in Baker v. Crosbyton Ry. Co., it is held that, while a writ of injunction may be granted by a judge of another court, the same should be made returnable to the court whose proceedings it is sought to have stayed, and that no other court has jurisdiction to perpetuate such preliminary injunction.

We do not think the case at bar falls within any of the exceptions which have been, or should be, made to the statute. It is not claimed that the judgment of the county court is void for want of jurisdiction, or for any other reason; nor is it claimed that an execution issued upon that judgment had been levied upon property exempt from forced sale, as was the case in Leachman v. Capps & Canty, 89 Tex. 690, 36 S. W. 250, and Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578. It may be conceded that the district judge has the power to issue whatever restraining writs may have been necessary to preserve the subject-matter of the litigation in the district court, but this case does not fall within that category.

[2] The plaintiff obtained judgment against

both appellant and the garnishee insurance company, and the latter has satisfied the judgment against it. Therefore it was not necessary to enjoin Klaras from enforcing his judgment in the county court in order to protect the plaintiff in this case; nor would a failure to perpetuate the injunction have resulted in irreparable injury to the insurance company. True it is that litigant should not be required to pay the same debt twice, but the county court in the exercise of its equitable powers could have, and, for aught that we know, can yet, make whatever orders and issue whatever writs may be necessary to prevent the accomplishment of that result. In other words, at the time the district court made the injunction perpetual the county court had, and still has, full power, upon a showing by the garnishee that he has already paid the debt, to make whatever orders and issue whatever writs may be necessary to prevent the enforcement of the county court judgment, and therefore no reason exists for not holding that the statute above quoted applies to this case.

So much of the decree appealed from as enjoins the plaintiff in error B. Klaras from the enforcement of his judgment against the garnishee, North British & Mercantile Insurance Company of London & Edinburgh, is set aside, and that part of the case is dismissed. But in all other respects the decree referred to is affirmed.

Affirmed in part, and in part reversed and dismissed.