## NORTH BRITISH & MERCANTILE INS. CO. OF LONDON & EDINBURG v. KLARAS. (No. 169–3179.)

(Commission of Appeals of Texas, Section A. May 26, 1920.)

1. Courts ⬩480(2)—District court may perpetually enjoin enforcement of county court judgment.

Where creditor of insured garnisheeing insurer, which paid amount of policy into district court after insured had sued on the policy in county court, and the creditor got judgment which was paid, the district court may perpetually enjoin enforcement of the county court judgment against the insurer, notwithstanding Rev. St. art. 4653, requiring writs of injunction to stay execution of a judgment to be returnable in the court where the judgment was rendered.

2. Garnishment ⬩157—Garnishee may deposit money, require defendant to interplead, and restrain enforcement of judgment in another court.

A garnishee may file an answer in a garnishment suit admitting the debt and make the defendant, judgment plaintiff in another court, a party to the garnishment suit, deposit the money in the registry of the court in which the garnishment is pending, and enjoin the enforcement of the judgment in the other court.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by the Texas Exchange National Bank of Waco against B. Klaras, wherein the North British & Mercantile Insurance Company of London and Edinburg was garnisheed, and prayed that an action by B. Klaras against it be enjoined. From a judgment

of the court of Civil Appeals (200 S. W. 584) affirming in part and reversing in part a judgment for plaintiff and an order that the injunction issue as prayed, the plaintiff brings error. Judgment so reformed as to affirm the judgment of the trial court.

Locke & Locke, of Dallas, for plaintiff in error.

W. L. Eason, of Waco, for defendant in error.

TAYLOR, J. This is a garnishment case. The North British & Mercantile Insurance Company of London and Edinburg issued a $400 fire insurance policy covering a house in Waco, Tex. The property and policy were subsequently transferred to B. Klaras. Shortly thereafter the house was destroyed by fire. A few days later, to wit, June 25, 1915, the Texas Exchange National Bank of Waco instituted suit in one of the district courts in Waco against Klaras and others on notes and for a foreclosure of lien. The amount involved was in excess of $1,000. The bank, at the time of filing the main suit, filed in connection therewith a garnishment suit, causing the writ to be served on the insurance company with the view to ascertaining whether the company was indebted to Klaras. On August 7, 1915, the insurance company answered in the garnishment suit, but did not implead Klaras. On August 25th Klaras instituted suit in the county court at Waco, seeking a recovery on his policy. The company then filed an amended answer in the garnishment case, admitting its indebtedness for the full amount of the policy, alleging the institution by Klaras of the suit in the county court, and on the basis of the foregoing, and other allegations, impleaded Klaras, asking that he be compelled to assert his rights in relation to the policy in the garnishment suit, and that he be restrained from further prosecuting his suit in the county court. The company also filed an answer in the county court, in which it set forth the facts concerning the garnishment suit and of having admitted therein the indebtedness on the policy. The company also averred in its answer that an injunction was sought in connection with the garnishment, and prayed that the county court suit be abated, or stayed pending the proceeding in the garnishment suit.

On the call of the appearance docket in the county court judgment was entered in favor of Klaras for the amount sued for. On the following day a temporary restraining writ was issued by the district court in the garnishment suit, enjoining Klaras from proceeding further with the county court suit. Klaras was duly served with the writ.

The bank thereafter recovered judgment in the main suit against Klaras and the other defendants for $1,134.75, exclusive of interest and costs. After entry of judgment in the main case, the garnishment case was tried; all parties, including Klaras, being before the court.

The trial court found as a conclusion of law in the garnishment suit that the garnishee, in order to protect itself from the vexation and expense of double litigation and the possibility of double recovery, was entitled to make Klaras a party to the garnishment suit; that the indebtedness owing by the insurance company to Klaras was duly garnished by the bank; and that the bank was entitled to the benefit of the indebtedness. The insurance company paid into the registry of the court the sum of $400, and it was decreed that this sum, less an attorney's fee of $25, be paid to the bank on its judgment against Klaras, and that such payment should be in full satisfaction of the indebtedness of the company to Klaras on the policy. The temporary restraining order was made permanent, and subsequently the clerk paid out, pursuant to the decree, the sum deposited in the registry of the court.

The insurance company appealed by writ of error to the Court of Civil Appeals from the judgment in the garnishment suit. The judgment was affirmed in part, but so much of the decree appealed from as enjoined Klaras from the enforcement of his county court judgment was set aside, and that part of the case was dismissed. 200 S. W. 584.

Defendant in error has filed a motion to dismiss the petition for the writ, urging that, while the injunction suit was tried in and the restraining order perpetuated by the district court, the county court would have had jurisdiction to try a separate suit filed in that court to restrain enforcement of its judgment.

The reasons for overruling the motion will be apparent in the opinion.

The Court of Civil Appeals was of opinion that the district court was without jurisdiction to perpetually enjoin the enforcement of the judgment of the county court in view of the following provision of article 4653, R. S. 1911:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered."

The court cite in support of the holding, among other cases, Baker v. Crosbyton Ry. Co., 107 Tex. 566, 182 S. W. 287, and say in connection therewith:

"We do not think the case at bar falls within any of the exceptions which have been, or should be, made to the statute. It is not claimed that the judgment of the county court is void for want of jurisdiction, or for any other reason; nor is it claimed that an execution issued upon that judgment had been levied upon property exempt from forced sale, as was the case

in Leachman v. Capps & Canty, 89 Tex. 690, 36 S. W. 250, and Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578." .

Was the district court without authority to perpetuate the temporary restraining order in view of the provisions of article 4653?

[1] The district court had exclusive jurisdiction both of the main suit and of the garnishment suit. Being clothed with power to do whatever was reasonably necessary for the administration of justice within the scope of its jurisdiction and prevent any abuse of its process, it had authority to issue the temporary restraining order. The power to issue is conceded, but the power to perpetuate is denied by the Court of Civil Appeals, under the view that the writ, being for the purpose of restraining the enforcement of a judgment rendered in the county court, should have been returned to, and the injunction case tried in, that court.

Power to issue the temporary writ presupposes the power to perpetuate it, if necessary to the granting of complete relief. Unless it was the intention of the Legislature in the enactment of the article referred to to take away such power, the district court did not err in making perpetual the temporary order.

We find no evidence of such intention in the language of the statute. One of the evident purposes of its enactment was to afford a means for putting an end to litigation by preventing a defeated party from proceeding from one court to another, after his defeat, or in the hope of avoiding defeat, in an attempt to relitigate the case. It is applicable, as has been often held, in these cases, the sole object of which is to enjoin the enforcement of a judgment. The cases cited by the Court of Civil Appeals in which it was applied are of this character.

It is a material, and perhaps controlling, fact in this case, that it was not the sole purpose of the injunction suit to restrain the enforcement of the county court judgment, especially in the sense of seeking to impair or destroy it. In fact, the garnishee, in seeking the injunctive relief ancillary to the garnishment suit, admitted liability on the policy sued on in the county court. The primary purpose, from the standpoint of the district court, in issuing the writ, was not to restrain the enforcement of the judgment, but to enforce its own jurisdiction to the end that it might dispense complete justice between the parties and prevent its decrees in the garnishment suit from being rendered ineffectual. It had the right independent of article 4653 to issue the writ for the purposes stated, and we think it was not within the purview of that article to take away or impair that right.

Suppose it should be held that the writ was returnable to the county court, and that court should hold the garnishee not entitled

to have the restraining order perpetuated; and should proceed, as it did in this case, to render judgment against the garnishee as defendant. Suppose the district court then orders by its judgment in the garnishment suit, as it did, that the amount due on the policy and held in the registry of the court, be paid to the plaintiff in the main suit. Irreconcilable conflict in the trial court judgment would be the result. In such case should both judgments be appealed from by the garnishee, or should he be required to choose one at his peril?

The law does not contemplate that such an anomalous situation should be made possible in the administration of justice; yet it is not impossible that it should arise if article 4653 is held applicable in the case of an ancillary proceeding such as is before us in this case.

In the case of Baker v. Crosbyton Southplains Ry. Co., 107 Tex. 566, 182 S. W. 287, relied upon by the Court of Civil Appeals, the effect of applying article 4653 was not to oust the court having exclusive jurisdiction of the subject-matter of the injunction suit, of such jurisdiction, but to protect the court having exclusive jurisdiction, in the exercise thereof. The holding in that case does not militate against the holding in this. One reason for the application of the statute in that case—a reason in consonance with the purpose of the Legislature in enacting it—was to prevent the possibility of a conflict of judgments.

The Legislature, having in mind to prevent conflicts in the trial court judgments, did not intend that the statute should apply when the effect might be to produce a conflict. Nor did it intend that it be applied when to do so might render ineffectual existing remedies. The case we think is not of the class requiring its application.

[2] Plaintiff in error's resorting to the remedy of interpleader in this case was not an innovation upon the procedure of this state. It has long been recognized as correct practice for the garnishee ·to file an answer in the garnishment suit, admitting the debt, and make the judgment plaintiff in another court a party to the garnishment suit, deposit the money in the registry of the court in which the garnishment is pending, and enjoin the enforcement of the judgment in the other court. Dobbin v. Wybrants, 3 Tex. 457; Westmoreland v. Miller, 8 Tex. 168; Iglehart v. Moore, 21 Tex. 501; Iglehart v. Mills, 21 Tex. 545; Moton v. Hull, 77 Tex. 80, 13 S. W. 849, 8 L. R. A. 722; and numerous other cases. This practice grew up after the passage of the act of which article 4653 was a part (Gammel's Laws, vol. 2, p. 1711, § 152), and we think it should not now be rendered impracticable by the application of the article insisted on by defendant in error. The decisions of the Supreme Court following

soon after the passage of the act indicate clearly that the Supreme Court did not recognize that such application was intended. Allen v. Menard, 5 Tex. 376; Brady v. Hancock, 17 Tex. 361.

We are of opinion that the district court had the power to perpetually enjoin the enforcement of the county court judgment independent of article 4653. It follows that the Court of Civil Appeals erred in setting aside so much of the decree of the trial court as enjoined defendant in error from the enforcement of his judgment.

We recommend that the judgment of the Court of Civil Appeals be so reformed as to affirm the judgment of the trial court.

PHILLIPS, C. J. We approve the judgment recommended in this case.