### KING & KING et al. v. PORTER et al. (No. 6269.)

(Court of Civil Appeals of Texas. Austin. Jan. 12, 1921. On Motion for Rehearing March 9, 1921. Appellants' Motion for Rehearing Denied March 30, 1921.)

1. Garnishment ☞52—Principal's funds deposited by agent in his own name not subject to garnishment in action against agent.

Where agent, engaged in loaning principal's money, deposited checks from principal payable to him as manager in a bank in his own name, the funds belonged to the principal and were not subject to garnishment in third party's action against agent.

### On Motion for Rehearing.

2. Appeal and error ☞65—"Amount in controversy" in garnishment proceeding held amount disclosed, and not amount of judgment.

Where plaintiff sued out writ of garnishment after obtaining a judgment against defendant in the justice court, and where the only issue on appeal to the county court was the ownership of an amount less than $100 which was in the hands of the garnishee, as between the defendant and an intervener claiming ownership, the "amount in controversy," on appeal to the Court of Civil Appeals from county court's judgment, was the amount so held by garnishee, and not the amount of the judgment rendered for plaintiff, in view of Rev. St. 1911, arts. 281, 293, 299, 300.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

### On Appellants' Motion for Rehearing.

3. Courts ☞122—Amount in controversy determined by pleadings.

The amount in controversy in any case is determined by the pleadings upon which the parties go to trial and is the largest amount for which judgment could be rendered upon such pleadings.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by J. E. Porter and others against J. F. Arnold, in which the First National Bank of Waco was garnished and in which King & King intervened, claiming ownership of money disclosed as belonging to defendant. Judgment for plaintiffs, and intervener and others appeal. Appeal dismissed.

W. B. Carrington, of Waco, for appellants.
John McGlasson, of Waco, for J. E. Porter.

JENKINS, J. Appellees had obtained a judgment against J. F. Arnold for the sum of $100, interest and costs. Thereafter appellees sued out a writ of garnishment against the First National Bank of Waco. The bank answered that it had on deposit $51.51, in the name of J. F. Arnold. Arnold controverted the bank's answer, stating that the money so held by it belonged to King & King, and was held by him as the agent of said parties. King & King intervened, claiming the $51.51. Judgment was rendered in the justice court, where said cause was pending, striking out King & King's plea of intervention, and in favor of Porter for $51.51, and $5 attorney's fees.

Upon appeal to the county court, this cause was submitted upon the following special issue:

"To whom did the $51.51, on deposit in the First National Bank, in the name of J. F. Arnold, belong, on April 2, 1919, when the writ of garnishment was served?" To which the jury answered: "To J. F. Arnold."

Judgment was thereupon rendered in favor of appellees and against all other parties to the suit.

Appellants requested the following special charge:

"At request of interveners, you are instructed to return a verdict in their favor for the $51.51, on deposit in the First National Bank of Waco in the name of J. F. Arnold."

[1] The uncontroverted facts show that J. F. Arnold was the agent, at Waco, for King & King, of Atlanta, Ga., for the purpose of loaning their money, and that he was paid a weekly salary for his services, and had no other interest in the business. Also, that Arnold received checks from King & King, payable to him, as manager, for the sum of $1,600, the proceeds of which he deposited in the First National Bank of Waco in his own name. He also deposited with said bank about $100 of his own money. Thereafter he drew out all of said money, except $51.51. He drew the money of his own which he had deposited, in the transaction of his own business; the remainder he drew upon checks signed by him, in his own name, but for the transaction of the business of King & King. He testified that this $51.51 belonged to King & King. This would be true as a matter of law. The $1,600 received by him was a trust fund, to be used for the purposes for which it was sent, and though he mingled his own funds therewith, the remainder which had not been used in the discharge of his trust would be the property of King & King.

In the case of Silsbee State Bank v. French Grocery Co., 103 Tex. 631, 132 S. W. 466, 34 L. R. A. (N. S.) 1207; the Supreme Court of this state said:

"The depositor controls the fund whether he is the true owner or not. The garnishing creditor can reach it only in the case he is the true owner."

This doctrine finds support in the following cases: Morrill v. Raymond, 28 Kan. 415, 42 Am. Rep. 167; Marx v. Parker, 9 Wash. 473, 37 Pac. 675, 43 Am. St. Rep. 849; Bank v. King, 57 Pa. 202, 98 Am. Dec. 216; 20 Cyc. 1022; 12 R. C. L. 806.

We quote from the last authority as follows:

"If the funds are trust funds, they cannot be subject to the claim of his creditors."

In Bank v. King, supra, it was said that it was immaterial in whose name the legal title stood.

The bank books and checks were exhibited, showing the amount of money received by Arnold, as manager, the amount that he had deposited, and the amount that he had withdrawn.

The law being as above stated, and the facts in this case being undisputed, the court should have given the special instruction above set out.

The trial court allowed the bank an attorney's fee of $10, for filing answer. This is affirmed; otherwise the judgment of the court below is reversed, and judgment is here rendered for appellants.

Affirmed in part, and in part reversed and rendered.

On Motion for Rehearing.

[2] The point is raised in the motion for rehearing herein that this court is without jurisdiction to entertain an appeal in this cause. We think the point is well taken.

The facts in the case briefly are: Porter had obtained a judgment against J. F. Arnold, in the justice court, which at the time the garnishment herein was sued out amounted to more than $100. No appeal was taken from such judgment. Porter sued out a garnishment against the First National Bank of Waco, alleging that it had effects of Arnold in its possession. The bank answered that it held as collateral several bonds, the aggregate value of which was less than $100, to secure a note executed by said Arnold to the bank. No contest was made as to the right of the bank to hold these securities as collateral to the Arnold note. The bank further answered that Arnold had on deposit with it the sum of $51.51. Arnold contested this answer, stating that the money belonged, not to him, but to King & King. King & King intervened, alleging ownership of this money. The case was tried in the justice court, and judgment was rendered for Porter, from which King & King and Arnold appealed. The case was tried in the county court, and submitted upon the following special issue:

"To whom did the $51.51 on deposit in the First National Bank, in the name of J. F. Arnold, belong, on April 2, 1919, when the writ of garnishment was served?" To which the jury answered: "To J. F. Arnold."

Nothing was in issue upon the trial of this cause except the ownership of the $51.51, on deposit in the bank. No appeal had been taken from the judgment in favor of Porter against Arnold. The jurisdiction of this court upon appeal is determined by the amount in controversy. The amount in controversy in the trial of this cause in the county court was $51.51. We have no appellate jurisdiction of cases tried in the county court, unless the amount in controversy is $100.

"Where a court is by a statute limited in its jurisdiction as to the amount in controversy.

such statute will apply to garnishment proceedings." 20 Cyc. 1033.

The writ of garnishment was issued in this cause by the justice court, and returned to and tried in that court, as required by statute. The amount in controversy in the garnishment proceedings being in excess of $20, the county court had appellate jurisdiction in the cause; but the amount in controversy in the county court being less than $100, we have no jurisdiction to try said cause on appeal. There is an apparent exception to jurisdiction, determinable by the amount in controversy, in that the jurisdiction of courts is fixed generally by the amount in controversy; but the statute requires that the writ of garnishment shall be returned to the court in which the principal judgment was rendered. In such case, the garnishee might answer that he had in his possession an amount exceeding the jurisdiction of the court; but, in such case the court would not be concerned with the amount held by the garnishee in excess of the original judgment, and hence only the amount held by the garnishee up to the amount of the original judgment could be put in controversy. That the amount in controversy in a garnishment proceeding may be different from the amount recovered in the judgment in the principal case is clearly recognized in Kelly v. Gibbs, 84 Tex. 148, 19 S. W. 380, 563.

Having concluded that we have no appellate jurisdiction in this cause, the motion for rehearing is granted, and the appeal is dismissed.

Motion granted.

Appeal dismissed.

### On Appellants' Motion for Rehearing.

It is the contention of appellants that we erred in dismissing the appeal herein for want of jurisdiction. In support of this contention, they cite Simmang v. Ins. Co., 102 Tex. 40, 112 S. W. 1044, 132 Am. St. Rep. 846; Kelly v. Gibbs, 84 Tex. 145, 19 S. W. 380, 563; Bank v. Gross, 200 S. W. 188; Hubbart v. Vacher, 26 S. W. 921; Ins. Co. v. Klaras (Com. App.) 222 S. W. 208; 12 R. C. L. 815; 20 Cyc. 1033.

We have carefully examined these authorities, and do not think they are in conflict with our opinion herein.

In Simmang v. Insurance Co., supra, it was held that the Supreme Court had appellate jurisdiction, for the reason that it was an appeal from a judgment of a district court, in a suit which could not have been brought in a county court; and this for the reason that the statute requires writs of garnishment to be returned to and tried in the court where was rendered the judgment upon which the writ was issued. Texas Constitution, art. 5, § 3; R. S. arts. 271 and 274. The court cites Kelly v. Gibbs, 84 Tex.

145, 19 S. W. 380, 563; Kreisle v. Campbell, 89 Tex. 104, 33 S. W. 852; Townsend v. Fleming, 64 S. W. 1006—in support of this proposition.

In Kelly v. Gibbs, supra, the issue was: Is it necessary in the trial of a garnishment suit to introduce in evidence the judgment upon which the writ was issued? It was held that it was not, for the reason that the court would take judicial cognizance of such judgment. See opinion on motion for rehearing, 84 Tex. 146–148, 19 S. W. 380, 563. The question of the jurisdiction of the Supreme Court was not involved in that case.

In Bank v. Gross, supra, the issue was: Should the item of cost recovered in the original judgment be included in determining the amount of the judgment upon which the garnishment issued? If it could, as held by the majority of the court, the amount in controversy exceeded $100, for the garnishee answered that he owed the judgment debtor $133.15. This answer was contested. Under such contest, the amount involved was the full amount of the judgment in the original cause.

Hubbart v. Vacher, supra, was tried on the contested answer of the garnishee. The court held that though the cost in the original suit should not be considered, still, inasmuch as the judgment rendered against the garnishee in the justice court was for more than $20, the defendant had the right to appeal from such judgment. R. S. art. 1767. The jurisdiction of the county court of Frio county had been conferred on the district court.

The case of Ins. Co. v. Klaras, supra, is not in point. R. C. L. vol. 12, p. 815, and 20 Cyc. 1033, have reference to the jurisdiction of trial courts in garnishment suits. This matter is fixed by our statute, and is in harmony with the principle announced in these excellent text-books.

[3] The amount in controversy in any case is determined by the pleadings upon which the parties go to trial, and is the largest amount for which judgment could be rendered upon such pleadings. To illustrate: If suit were filed in the county court for a debt of $250, the county court would have jurisdiction to try the case; but if the plaintiff should amend his petition and allege the amount of the debt to be $150, the county court would lose its jurisdiction of the cause. The pleadings in garnishment are regulated by statute and must be given the effect therein indicated.

The first pleading in a garnishment case is the application for the writ under which the plaintiff seeks to recover of the garnishee the full amount of the judgment which he has or may obtain against the defendant, in the main suit. If the garnishee does not answer, or answers that he is indebted to the judgment creditor in an amount equal

to or in excess of such judgment, the plaintiff in garnishment may recover that amount, if no other pleadings are filed. That is the amount then in controversy. But if the garnishee answers that he does not owe the judgment creditor anything, and has none of his property in possession, if such answer is not contested, the plaintiff could not, under the pleadings as they thus stood, recover anything. Nothing would be in controversy. R. S. art. 281. If the plaintiff should controvert such answer, the amount in controversy would be the amount put in issue by such controverting answer. R. S. art. 299.

If the garnishee admits an indebtedness, and such answer is not controverted, the plaintiff is entitled to judgment for the amount admitted and no more. No other amount is in controversy. R. S. art. 293. If the garnishee admits an indebtedness, stating the same, the defendant in the main suit may controvert such answer, and this puts in issue the amount of indebtedness so admitted by the garnishee. R. S. art. 300. A third party may intervene and controvert such answer, with like effect.

Applying these principles to the pleading in this case, we find that the only amount in controversy was the $51.51, which the garnishee answered he had belonging to the judgment creditor. The only issue was: To whom did this $51.51 belong?

The amount in controversy, under the pleadings upon which the parties went to trial, being less than $100, this court is without appellate jurisdiction.

The motion for a rehearing is overruled. Overruled.